**TAYLOE v. KJAER et al.**

No. 9684.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 7, 1948.

Decided Dec. 13, 1948.

Mr. Arthur C. Keefer, of Washington, D. C., with whom Mr. Frederick M. Bradley, of Washington, D. C., was on the brief, for appellant.

Mr. N. Meyer Baker, of Washington, D. C., with whom Mr. Lucien H. Mercier, of Washington, D. C., was on the brief, for appellees. Mr. James R. Sharp, of Washington, D. C., also entered an appearance for appellees.

Before EDGERTON, CLARK and WILBUR K. MILLER, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from a judgment of the District Court granting summary judgment to appellees and denying appellant's motion therefor in a dispute concerning the ownership of certain land in the District of Columbia.

There seems to be no dispute as to any of the facts. Mary Tayloe, who died in 1908, was at the time the owner in fee simple of certain improved real estate in the District of Columbia. In her will she devised the two lots in controversy to appellant who claims to have been the owner in fee simple thereof ever since. The Commissioners of the District of Columbia in 1934 and 1935 directed the Assessor to enter on the regular tax rolls as taxes the sums of $1.50 against Lot 117 and of $122.50 against Lot 116, both in Square 28. These taxes were unpaid and hence delinquent on July 1, 1935. The property, however, was neither advertised for sale nor included in the tax sale conducted to satisfy taxes which were delinquent as of that date. The delinquent tax list for the following year and notice of sale relating thereto did include said property. This list and notice were published for two weeks once a week in the Washington

Times in December, 1936. On January 12, 1937, the District authorities sold both lots for the sums of $2.00 and $123.02. The Commissioners of the District of Columbia executed a deed to the purchaser, Cobb, who later conveyed to a trustee of the Holy Church of the Living God. Appellees Jones and Daniels are in possession of the lots.

Appellant's chief contention is that the tax sale did not take place in conformity with the statutes regulating sales of real estate for taxes as codified in the District of Columbia Code, Section 47—1001.[1] Admittedly, this code provision requires publication for once a week for two weeks in one morning and one evening newspaper in the District of Columbia.

But also admittedly, the District of Columbia Appropriations Act of 1935 contained the following language:

"For advertising notice of taxes in arrears July 1, 1935, as required to be given by the Act of February 28, 1898, as amended, to be reimbursed by a charge of 50 cents for each lot or piece of property advertised, $8,000: *Provided,* That this appropriation shall not be available for the payment of advertising the delinquent tax list for more than once a week for two weeks in the regular issue of one morning *or* one evening newspaper published in the District of Columbia, *notwithstanding the provisions of existing law."* (Italics supplied.)[2]

The question presented is as to the effect of this latter proviso on the existing provisions of the Act of February 28, 1898, as subsequently amended, and set out in the D.C.Code, Section 47—1001.

■ This proviso is in form a limitation. That is to say that it is a restriction as to the use to which the funds appropriated shall be put and does not purport on its face to be a permanent change in existing law. Congress, of course, has undoubted power to permanently change existing law even in an appropriation act, and the fact that it is universally recognized as exceedingly bad legislative practice and is forbidden by the rules of both Houses of Congress does not subject it to judicial scrutiny. Instances of most important permanent legislation being contained in appropriation acts have been so often upheld by the courts as not to require examination and citation here.

■ But this is not that situation. Here no attempt is made to permanently change existing law. It is a limitation on the funds appropriated in a particular act and therefore it is limited in terms in its efficacy to the particular fiscal year for which the money in the acts is appropriated. But for the period of that fiscal year, the proviso in legal effect acts through its specific provisions as a pro tanto change of law. The proviso quoted *supra* was enacted in 1935 and reenacted for the next successive ten years. In this view, therefore, the trial court ruled correctly and appellant cannot prevail.

■ But appellee further contends with great force that appellant cannot prevail because he was guilty of laches. This action primarily sounds in equity and is concluded by a prayer for equitable relief. Admittedly, on the face of the record, appellant was guilty of laches and therefore should be barred from equitable relief. However, appellant stoutly main-

---

[1] The act of February 28, 1898, 30 Stat. 250, as amended, reads in pertinent codified part as follows:

"The assessor of the District of Columbia shall prepare a list of all taxes on real property in said District subject to taxation on which said taxes are levied and in arrears on the first day of July of each year hereafter; and the commissioners of said District shall fix date of sale. The notice of sale and the delinquent tax list shall be advertised once a week for two weeks in the regular issue of one morning and one evening newspaper published in the District of Columbia; and notice shall be given, by advertising twice a week for two successive weeks in the regular issue of two daily newspapers published in the District of Columbia, that such delinquent tax list has been published in two daily newspapers, giving the name of each and the dates and the issues containing said list, and such notice shall be published in the two weeks immediately following the week in which the delinquent tax list shall have been published * * *".

[2] 49 Stat. 346 (1935).

tains that he has cured this defect because joined with his prayer for equitable relief, and somewhat interspersed with it, is language aimed at stating a cause of action in common law ejectment; in which case, of course, the statute of limitations in this jurisdiction would not run for fifteen years. In our opinion, in any action essentially equitable in character, the plaintiff cannot cure the effect of his own laches by merely including a few allegations of a common law nature. As a matter of fact, there is nothing in the record to sustain an action in ejectment in any case.

Affirmed.

Judge EDGERTON concurs in opinion except as to last paragraph.