Diana K. POWELL, Petitioner,

v.

**WASHINGTON METROPOLITAN AREA TRANSIT COMMIS-SION, Respondent,**

D.C. Transit Systems, Inc., Intervenor.

No. 72–1603.

United States Court of Appeals, District of Columbia Circuit.

Aug. 21, 1972.

Miss Diana K. Powell, pro se.

Messrs. Bernard Dobranski, Arlington, Va., Frank F. Flegal, and Stephen L. Sharfman, Washington, D. C., were on the motion for respondent.

Mr. Harvey M. Spear, New York City, was on the motion for intervenor, D.C. Transit System, Inc.

Before FAHY, Senior Circuit Judge, and ROBINSON and MacKINNON, Circuit Judges.

PER CURIAM:

This case was inaugurated by a petition to review orders emanating from a proceeding before the Washington Metropolitan Area Transit Commission upon an application by D.C. Transit System, Inc. (Transit) for an increase in its fares for bus transportation in the Washington metropolitan area.[1] Petitioner appeared *pro se* in the proceeding, opposed the increase and urged the Commission to reduce the existing fares. The Commission, by Order No. 1216, deferred further consideration of Transit's application pending its satisfaction of conditions designed to strengthen its financial structure, heighten the economy and efficiency of its operations, and improve its service to the busriding public.[2]

Petitioner then requested the Commission to reconsider Order No. 1216, but "only insofar as it fails to determine the constitutionality of the proposed and present rates. . . ."[3] Her application for reconsideration stated not only that it was restricted to that contention, but also that she "supports Order No. 1216 in denying D.C. Transit's application for increased fares, on grounds stated, and in the public interest." By Order No. 1220, the Commission refused to reconsider,[4] whereupon petitioner filed her petition in this court for review of both orders.[5] The Commission, as respondent, and Transit, as intervenor, now move to dismiss the petition on the ground, *inter alia,* that petitioner lacks standing to question those orders. We grant the motion.

Judicial review of Commission action is limited to parties to the administrative proceeding who are "aggrieved by an or-

---

1. See D.C. Transit Sys., Inc. v. Washington Metropolitan Area Transit Comm'n, 151 U.S.App.D.C. ——, 466 F.2d 394 (1972).

2. D.C. Transit Sys., Inc. (Order No. 1216) (WMATC May 19, 1972) (not yet reported).

3. Appellant's argument, as we understand it, is that the Washington Metropolitan Area Transit Regulation Compact (Compact), tit. II, art. XII, § 6(a)(4), D.C. Code foll. §§ 1–1410, 1–1410a, allows a rate of return at variance with provisions of the Interstate Commerce Act, 49 U.S.C. § 316 (1970), and the Clayton Act, 15 U.S.C. § 20 (1970), and thereby operates unequally against busriders

in the Washington metropolitan area. Our disposition renders a decision on this question unnecessary, and we intimate no view on it.

4. D.C. Transit Sys., Inc. (Order No. 1220) (WMATC June 21, 1972) (not yet reported).

5. The petition expressly limits the requested review to the simple question presented by the application for reconsideration. Indeed, it could not have done otherwise. Compact, *supra* note 3, tit. II, art. XII, § 16; D.C. Transit Sys., Inc. v. Washington Metropolitan Area Transit Comm'n, *supra* note 1, at —— of 151 U.S.App.D.C., at 413–414 of 466 F.2d.

468

der issued by the Commission in such proceeding. . . ." [6] While a consumer of services offered by a Commission-regulated utility may come within that category,[7] we think petitioner does not. An essential ingredient of the aggrievement standard is adversity flowing from the order sought to be reviewed.[8] We do not pause to investigate the precise type or degree of injury required since we are satisfied that Order No. 1216 has wrought none whatsoever to petitioner. The same must be said for Order No. 1220, which simply left the action taken by Order No. 1216 as it was.

■ Petitioner resisted the fare raise solicited by Transit and Order No. 1216 denied a raise for the time being. Petitioner has no quarrel with this disposition; indeed, she "supports" it. One can hardly be aggrieved by a result he sought, although achieved on a ground different from that which he urged. Moreover, the mere fact that the Commission did not adopt petitioner's constitutional position is not a basis for litigating it here. Constitutional questions are to be dealt with only when their resolution is imperatively required,[9] and we have already sustained the validity

of Order No. 1216's increase-deferral without any involvement with the constitutional issue petitioner poses.[10] While the Commission may resume consideration of Transit's application in the event of compliance with the conditions imposed, it will be time enough to entertain petitioner's constitutional claim if and when that course becomes unavoidably necessary.[11]

We are mindful that petitioner advanced her argument before the Commission not only in protest against a fare elevation but also in an effort to reduce existing fares, which Order No. 1216 left in force.[12] Those fares, however, were established in 1970 by the Commission's Order No. 1052.[13] Petitioner's point is not that they became unlawful through a change of circumstances since the issuance of Order No. 1052, but rather that they were constitutionally invalid from the moment they were promulgated.[14] That position is an attack upon Order No. 1052, which is not before us in this case.[15] It does not implicate the orders which petitioner wishes us to review.

Motions to dismiss granted.

6. Compact, *supra* note 3, tit. II, art. XII, § 17(a).

7. *See, e. g.*, Lynchburg Gas Co. v. FPC, 119 U.S.App.D.C. 23, 336 F.2d 942 (1964); United States v. Public Utils. Comm'n, 80 U.S.App.D.C. 227, 151 F.2d 609 (1945).

8. See Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). See also Association of Data Processing Serv. Organizations, Inc. v. Camp, 397 U.S. 150, 152–155, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); Environmental Defense Fund, Inc. v. Hardin, 138 U.S.App.D.C. 391, 394–395, 428 F.2d 1093, 1096–1097 (1970); Lynchburg Gas Co. v. FPC, *supra* note 7, 119 U.S.App.D.C. at 26–27, 336 F.2d at 945–946.

9. *E. g.*, Rosenberg v. Fleuti, 374 U.S. 449, 451, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963); Bush v. Texas, 372 U.S. 586, 590, 83 S.Ct. 922, 9 L.Ed.2d 958 (1963); Stefanelli v. Minard, 342 U.S. 117, 120, 72 S.Ct. 118, 96 L.Ed. 138 (1951).

10. D.C. Transit Sys., Inc. v. Washington Metropolitan Area Transit Comm'n, *supra* note 1.

11. *E. g.*, Bush v. Texas, *supra* note 9, 372 U.S. at 590, 83 S.Ct. 922; Clay v. Sun Ins. Office, Ltd., 363 U.S. 207, 211–212, 80 S.Ct. 1222, 4 L.Ed.2d 1170 (1960); United States v. Petrillo, 332 U.S. 1, 12, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947).

12. D.C. Transit Sys., Inc. (Order No. 1216), *supra* note 2, at 17.

13. D.C. Transit Sys., Inc. (Order No. 1052), 85 P.U.R.3d 1 (1970). The validity of the fares prescribed by that order is a problem *sub judice* in the court. Democratic Cent. Comm. v. Washington Metropolitan Area Transit Comm'n, 141 U.S.App.D.C. 79, 436 F.2d 233 (1970).

14. See note 3, *supra*.

15. See Fed.R.App.P. 15(a); Compact, *supra* note 3, tit. II, art. XII, §§ 16, 17 (a).