Grace Building Co., Inc., Appellant, *v.* Paul A. Lanigan and Louis Mandracchia, Appellees.

Argued October 10, 1974, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Alfred O. Breinig, Jr.*, for appellant.

*Alan E. Boroff*, with him, of counsel, *Wisler, Pearlstine, Talone, Craig & Garrity*, for appellees.

OPINION BY JUDGE ROGERS, December 4, 1974:

This is the appeal of Grace Building Co., Inc. (Grace) from an order of the Court of Common Pleas of Montgomery County, dismissing its objections to the return of the county Tax Claim Bureau (Bureau) of tax sales held September 13, 1971. Grace purchased at that sale an unimproved tract of land containing five and six tenths acres located in Lower Providence Township, for the sum of $3600. The property was exposed to sale as the property of Patrick J. and Gertrude C. McVeigh for delinquent 1969 property taxes amounting to about $100. All of the notices required by the Real Estate Tax Sale Law, Act of July 7, 1947, P. L. 1368, *as amended*, 72 P.S. §5860.101 et seq. were sent by the Bureau to the McVeighs. Somehow subsequent to the sale, but before filing its return pursuant to Section 607, *as amended*, of the Real Estate Tax Sale Law, 72

P.S. §5860.607, the Bureau learned that the property had been sold and conveyed to the appellees, Paul A. Lanigan and Louis Mandracchia, by deed dated November 25, 1970, recorded in the office of the Recorder of Deeds of Montgomery County on November 27, 1970.[1] The Bureau recommended disapproval of the tax sale on the ground that the notices of the scheduled sale required by Section 602 of the Act, *as amended*, 72 P.S. §5860.602, had not been given to the current owner, meaning, obviously, the appellees. Grace's objections to the Bureau's recommendation were dismissed by the court and the sale to the appellant voided. The instant appeal followed. We affirm.

Section 602 of the Real Estate Tax Sale Law, *as amended*, 72 P.S. §5860.602 (Supp. 1974-1975), provides in part: ". . . notice of the sale shall also be given by the bureau, at least ten (10) days before the date of the sale, by United States certified mail, personal addressee only, return receipt requested, postage prepaid, to each owner as defined by this act . . . ."

Section 102 of the Act, 72 P.S. §5860.102, defines owner as: ". . . the person in whose name the property is last registered, if registered according to law, and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, or the reputed owner or owners thereof, in the neighborhood of such property; . . . ."

We first note that there is a difference between the recording and the registration of deeds. The word "registered" used in Section 102 of the Real Estate Tax Sale Law is not the equivalent of the word "recorded"; it refers to the process of establishing and maintaining a record by which the current ownership of real estate

---

[1] The appellees, who apparently paid $5400 for the parcel, purchased title insurance, the policy for which did not except the liened 1969 taxes.

can be ascertained without the burdensome and time-consuming task of searching titles or the dangerous reliance upon assessment or other records not designed or intended for this purpose. *See Ross Appeal,* 366 Pa. 100, 104, 76 A. 2d 749, 752 (1950).

Counsel for the parties represent that deeds for properties located in Lower Providence Township, Montgomery County, are not registered by either municipality. Our researches reveal, however, that Montgomery County is required by law to register deeds. Its population by the 1960 census was 516,682 and by the 1970 census, 626,799. The Act of May 2, 1899, P. L. 162, 21 P.S. §321 et seq. provides as follows:

Section 1.

"On and after the first day of January, Anno Domini one thousand nine hundred, all deeds and other conveyances of real estate, in the several counties of this commonwealth having a population of over five hundred thousand, shall be registered in the office of the county commissioners before being entered of record in the office of the recorder of deeds."

Section 2.

"On and after said date no deed, or other conveyance of real estate, shall be entered of record in the office of the recorder of deeds, in the several counties of this commonwealth having a population of over five hundred thousand, unless the said instrument has been previously registered in the office of the county commissioners."

Section 3.

"Recorders of deeds, in counties having a population of over five hundred thousand, permitting or allowing any deed, or other conveyance of real estate, to be entered of record unless the same shall have been previously registered in the office of the county commissioners, shall be deemed guilty of a misdemeanor in

office, and on conviction be punished by a fine not exceeding one hundred dollars.

"Provided, That nothing in this act shall apply to counties co-extensive with cities."

The Act of July 18, 1941, P. L. 421, §1, 21 P.S. §325.1 provides in part as follows: "It shall be the duty of the recorder of deeds in the several counties in this Commonwealth to receive all deeds presented for record, when the same are duly acknowledged as required by law, and record the same. And if by virtue of any provision of law any such deed so presented for record is required to be registered in any office for the registration of deeds, other than said recorder's office, within the county in which it is so offered for record, the recorder of deeds shall nevertheless record such deed whether it has been so registered or not, and in such case it shall be the duty of the recorder within ten days after the deed is transcribed into the deed book to have such deed registered in such other registry office or offices before delivering the deed to the party entitled to receive the same."

Finally, Section 708 of the Second Class County Code,[2] Act of July 28, 1953, P. L. 723, *as amended,* 16 P.S. §101 et seq., added October 22, 1959, P. L. 1358, 16 P.S. §3708 (Supp. 1974-1975) provides:

"(a) All persons, corporations, municipal corporations, authorities, districts or political subdivisions, hereafter acquiring any interest in real estate, whether by purchase, gift, devise, inheritance, order of court, treasurer's sale, sheriff's sale, judicial sale, eminent domain or otherwise, shall register in the office of the county commissioners their deeds, resolutions, orders of court or other evidence of title, so that the same may be endorsed in accordance with the act of May 2, 1899 (P. L. 162).

---

[2] Which applies equally to Counties of the Second Class A, the classification of Montgomery County.

"(b) *No real estate so registered shall be subject to sale for taxes or other municipal claims, except in the name of the owner as registered in accordance with the provisions of this section.*

"(c) All persons, corporations, municipal corporations, authorities, districts or political subdivisions, heretofore acquiring any interest in real estate, may register their real estate in accordance with the provisions of this section." (Emphasis supplied.)

Hence, Montgomery County should be providing for the registration of deeds whether it is, as it may be, or is not, as the parties represent. The appellees' deed recorded in November of 1970 should have been, if it was not, delivered for registration by the Recorder of Deeds of Montgomery County as provided by the Act of 1941, 21 P.S. §325.1.[3] Whether the appellees' deed was in fact registered, or whether it was in fact not registered because Montgomery County has failed to provide this mandated service, we conclude that the appellees were, when their deed was recorded, the owners of the property in question as defined by Section 102 of the Real Estate Tax Sale Law, 72 P.S. §5860.102 and as owners entitled to the several notices of sale required by Section 602, 72 P.S. §5860.602.

Surprisingly, this is not the first occasion on which the problem here posed has been before the courts. In *Gradel Petition,* 88 Montg. Co. L.R. 131 (1966), the late Judge E. ARNOLD FORREST reached the same result as we by reasoning that because the new owner had recorded his deed consistent with the provisions of the Acts of 1899 and 1941, 21 P.S. §§321 through 325.1, he became the owner as defined by Section 102 of the Real Estate Tax Sale Law, although, as here, it appears that

___

[3] Or by the county controller's office by other provisions of Article VII of the Second Class Township Code, 16 P.S. §§3701 through 3707.

all persons concerned in the case believed that his deed was not in fact registered. We would prefer first to note that this tax sale was conducted by an agency of a county government which was required to provide a service which would have resulted in the provision of notice to the appellees of the impending sale of their real estate and second, to refer to the principle that unless the notice provisions of the statutes are strictly complied with, tax sales may not be confirmed. *Tax Claim Bureau of Montgomery County v. Wheatcroft*, 2 Pa. Commonwealth Ct. 408, 278 A. 2d 172 (1971). Assuming, without so finding, that Montgomery County does not, as it should, provide registration, we deem it no unwarranted extension of the notice provisions of the Real Estate Tax Sale Law to hold that a tax sale must be set aside where the county government has failed to comply with provisions of other statutes intended, inter alia, to ensure notice to owners of the imminence of sales by the county of their properties for delinquent taxes.

Order affirmed.