Thurman L. DODSON, Appellant,

v.

Theodore J. SCHEVE et al., Appellees.

Florence HAWKINS, Appellant,

v.

DISTRICT OF COLUMBIA et al.,
Appellees.

Nos. 8039, 8321.

District of Columbia Court of Appeals.

June 2, 1975.

Rehearing en Banc Denied July 14, 1975.

Richard J. Hopkins, Washington, D. C., for Dodson and Hawkins.

Kurt Berlin, Washington, D. C., for Scheves.

C. Francis Murphy, Corp. Counsel, D. C., Henry E. Wixon and Melvin J. Washington, Ass't Corp. Counsel, for the District of Columbia.

Before KERN and NEBEKER, Associate Judges, and PAIR, Associate Judge, Retired.

JUDGMENT

PER CURIAM.

Both appellants were owners of real property in the District of Columbia, which

properties were deeded by the District to Mr. and Mrs. Scheve subsequent to the failure of appellants to redeem these properties after incurring tax arrearages. At trial, appellants sought to set aside these deeds from the District to the Scheves and to clear title to their respective property. Their actions were based on the claim that the notice provisions of D.C.Code 1973, §§ 47–1001 and 47–1001a, were not reasonably calculated to notify them that they were in danger of losing title to their properties, and, accordingly, that the conveyance from the District to the Scheves constituted a taking without due process. In both cases appellants conceded that the District had complied with the above statutory notice requirements.[1] On the records before us we need not, and therefore should not,[2] address this constitutional issue[3] since we affirm the trial judges' findings that in each case the appellant was in fact effectively notified of the pending conveyance of the property.

 In Dodson's case, the court found that Mr. Dodson, an attorney, had been delinquent 14 times within recent years in the payment of his real estate taxes, but that he had always managed (except on the instant occasion) to pay his tax bill in time to avoid the loss of his property. The court also found that the District did mail to him a final notice of delinquency announcing that further nonpayment would result in sale, although Dodson denied receiving that letter. The court further found that the District (according to apparent administrative custom, although not statutorily required) had sent a letter to Mr. Dodson by certified or registered mail notifying him that his redemption period was soon to expire. Receipt of that letter was acknowledged by one Maureen Brent, an employee in the building where Dodson worked. Although he customarily had his mail delivered by her, Mr. Dodson denied the actual receipt of that letter. The fact that under these circumstances Mr. Dodson claims no actual notice does not prove that the efforts of the District to notify him were insufficient. As the Court stated in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), notice satisfies due process requirements if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." We affirm the trial court's holding that the District's efforts to notify Mr. Dodson were here so calculated. *Cf.* Nelson v. New York, 352 U.S. 103, 77 S.Ct. 195, 1 L.Ed.2d 171 (1956).

In Mrs. Hawkins' case, appellant conceded receipt of a letter advising her that her opportunity to redeem was about to expire. She claimed, however, that by the time she received this letter (March 19, 1973) the District had already deeded the property to the Scheves (March 14, 1973). The letter was dated December 1, 1972, and a witness

---

1. Mrs. Hawkins urges that she was entitled to personal service or service by registered mail pursuant to D.C.Code 1973, § 47–903, since she was the occupant of a family dwelling. Section 47–905 clearly provides, however, that such service is required only after a taxpayer first files an affidavit establishing his status as an occupant of a family dwelling. Mrs. Hawkins made no showing of such a filing. Because of our disposition of the case, we need not address her contention that in order to comply with the legislative purpose behind § 47–903 the District is required to notify taxpayers (by means in addition to the Code) of the opportunity provided in § 47–905 to file an affidavit.

2. *See* Bush v. Texas, 372 U.S. 586, 590, 83 S.Ct. 922, 9 L.Ed.2d 958 (1963); Powell v. Washington Metropolitan Area Transit Comm'n, 151 U.S.App.D.C. 295, 466 F.2d 466 (1972).

3. It is an argument of dubious validity under all the circumstances attendant to the collection of funds for the public treasury, ownership of realty, the universal knowledge of dire consequences for nonpayment of taxes, and the existence of a substantial period of redemption.

for the District stated that according to custom it "should have been mailed on December 1, 1972," although this particular letter bore no date stamp which normally is printed on such mail by the Department of Finance and Revenue. *See* United States v. Chemical Foundation, 272 U.S. 1, 47 S.Ct. 1, 71 L.Ed. 131 (1926).

■ It is apparent from the trial court's ruling that it rejected the testimony of appellant Hawkins that she did not receive the District's letter prior to conveyance of her property at the expiration of her redemption period. The court also found, as in the case of Mr. Dodson, that the District had mailed to her a final notice of delinquency prior to sale. Thus, the record can fairly be read to support a finding of actual notice of the sale and the expiring redemption period. In this connection, the trial judge also observed that on several previous occasions Mrs. Hawkins had successfully redeemed her property after falling into arrears on her taxes, leading him to state that "the lady is most proficient, in my view, so far as the knowledge of the procedure is concerned." The court, therefore, found that "she had a knowledge of the debt and she had a knowledge of what the remedy [*i. e.,* the District's sale remedy] was."

We hold that the respective records support the trial judges' findings that both Mr. Dodson and Mrs. Hawkins were sufficiently notified of the forthcoming conveyance of their respective property due to a tax delinquency.

Accordingly, it is this 2nd day of June 1975,

Ordered and adjudged that the judgments in favor of the appellees, the Scheves and the District of Columbia, be, and hereby are, affirmed.

PAIR, Associate Judge, Retired (concurring in part and dissenting in part):

I am constrained to concur in the result reached in Dodson v. Scheve, et al., because there is a record showing that Mr. Dodson was given notice by registered mail before his property was sold for nonpayment of taxes. I cannot concur in the result reached in Hawkins v. D. C., et al., and therefore dissent.

Appellant Hawkins was at the time of the acts complained of the owner-occupier of a dwelling-house. It appears that prior to 1969, the bill for real estate taxes assessed against the property was mailed to and paid by the holder of the first trust. In the early part of 1969 the dwelling was so damaged by fire that appellant was required to leave it while repairs costing some $6500.00 were made.

Real estate taxes in the amount of $245.-27 were assessed against the property for Fiscal Year 1970, and the tax bill was mailed to appellant Hawkins as owner of record of the property. Appellant failed to pay the taxes and her property, described only by lot and square number, was included in a delinquent tax list prepared by the assessor. After publication of the delinquent tax list together with notice of sale as required by D.C.Code 1973, § 47–1001, appellant's property was sold to the Scheves for the amount of the unpaid taxes plus penalties and costs. Because the property was not redeemed within the time permitted by law, the District of Columbia on March 14, 1973, conveyed the property to the Scheves as tenants by the entireties for $259.27 representing the amount of the unpaid taxes, penalties, and costs.

Even if appellant was afforded the proper statutory protection before the tax sale of her property, it seems to me that the District of Columbia owed her a duty to give proper notice of the expiring period for redemption before conveying the property by tax deed to the Scheves. *See* Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), where the Court said:

An elementary and fundamental requirement of due process in any proceed-

ing which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . . [Citations omitted.]

*See also* and *compare* Miles v. District of Columbia, et al., 510 F.2d 188 (D.C.Cir. 1975).

There is, of course, a record showing that the District did address a letter to appellant advising her that the period within which she was permitted to redeem her property was about to expire. However, appellant insists that the letter was not received until more than 15 days after the period had expired, and it is undisputed that the envelope in which the letter was enclosed had no postmark. Under the circumstances I refuse to indulge a presumption that the letter was ever mailed. In any event, it appears to have been the practice of the District to send such a notice by registered mail because in the companion case of Dodson v. Scheve, et al., notice by registered mail was given.

But aside from all of this, Congress has made owner-occupiers of dwellings in the District of Columbia the subject of special concern. Thus, in D.C.Code 1973, § 47–903, it is provided:

No family dwelling-house occupied by the owner thereof shall be sold for delinquent . . . real-estate taxes . . . unless notice has been personally served upon such owner or sent by registered mail, addressed to him at such dwelling-house, not less than thirty days prior to the date of such sale.

By D.C.Code 1973, § 47–905, Congress provided further that:

This chapter shall be deemed as applying only to such occupant and owner as shall have filed with the assessor of the District of Columbia an affidavit as to domicile and ownership. *The form of the affidavit shall be prepared by the assessor of the District of Columbia,* and shall show the beginning of domicile, the time when ownership began, the street number, the number of the square and lot, and all trusts, if any, against the property. [Emphasis added.]

It is a matter of general knowledge that the District of Columbia has formulated elaborate procedures for the collection of delinquent taxes and in the process has set forth on the face and back of tax bills varied tax information, although there was no statutory obligation to do so. Significantly enough, no notice has been given by the District, in fine print or otherwise, that the owner-occupier of a dwelling, upon filing an affidavit on a form prepared by the assessor, would be entitled to thirty days' notice by registered mail before his property was sold for delinquent taxes. *See* D.C.Code 1973, § 1–1504(d)(5). The District of Columbia insists that it did all that the law required, and it is true that every person is presumed to know the law. However, I perceive basic unfairness in the system which on the one hand frustrates, in effect, the will of the Congress as expressed in D.C.Code 1973, § 47–903, and on the other gives aid and comfort to those who are permitted to profit a thousandfold at the expense of the poor, the ignorant and the less alert.

I would reverse the judgment in Hawkins v. D. C., et al., and remand with directions to set aside the tax deed and afford the appellant an opportunity to redeem, within a reasonable time, her property by paying the amount of the delinquent taxes plus costs, penalties, and interest.