**POTOMAC BUILDING CORPORATION,**
**Appellant,**

v.

**Moses H. KARKENNY, Appellee.**

**No. 9629.**

District of Columbia Court of Appeals.

Argued March 23, 1976.

Decided Sept. 20, 1976.

Reconsideration Denied Oct. 8, 1976.

**810**

Robert W. Rifkin, Bethesda, Md., with whom A. Slater Clarke, Bethesda, Md., was on the brief, for appellant.

Elbert C. Robinson for appellee.

Before FICKLING, KERN and NE-BEKER, Associate Judges.

PER CURIAM.

This appeal arises from a trial court judgment holding that there was substantial compliance with the statutory notice provisions for a tax deed sale. *See* D.C. Code 1973, § 47–1001.[1] Appellant contends that strict compliance with the tax sale statute failed and was required. We agree and reverse.

In November 1970, appellant purchased two parcels of local real property from the Urban Rehabilitation Corporation. In the year of the transaction, property taxes were not paid and the District of Columbia sought to list and sell the parcels in question for the payment of delinquent taxes.

---

1. D.C.Code 1973, § 47–1001, provides in pertinent part:

The assessor of the District of Columbia shall prepare a list of all taxes on real property in said District subject to taxation on which said taxes are levied and in arrears on the first day of July of each year hereafter; and the District of Columbia Council shall fix date of sale. The notice of sale and the delinquent tax list shall be advertised once a week for two weeks in the regular issue of one morning and one evening newspaper published in the District of Columbia; and notice shall be given, by advertising twice a week for two successive weeks in the regular issue of two daily newspapers published in the District of Columbia, that such delinquent tax list has been published in two daily newspapers, giving the name of each and the dates and the issues containing said list, and such notice shall be published in the two weeks immediately following the week in which the delinquent tax list shall have been published . . . .

D.C.Code 1973, § 47–1002. Thereafter, a list of delinquent tax properties was published once a week for two weeks in the Washington Daily News on 'December 12 and 19, 1970.[2]

Additionally, D.C.Code 1973, § 47–1001, requires that "notice shall be given, by advertising twice a week for two successive weeks in the regular issue of two daily newspapers published in the District of Columbia, that such delinquent tax list has been published . . . ." The second notice was published in the Washington Star on December 15, 16, 22, and 23, 1970, and in the Washington Post on December 15 and 16, 1970, and twice on December 23, 1970. Notice was not published in the Washington Post on December 22, 1970. The Washington Post filed an affidavit with the District of Columbia stating that the double entry on December 23, 1970, was an error. The District of Columbia had requested and paid for publication of the notice on December 22, 1970.

The tax sale was subsequently held in January 1971, and, there being no bidders on the properties in question, the collector of taxes purchased the properties on behalf of the District of Columbia. The properties were not redeemed during the statutory redemption period and appellee sought to purchase these properties by tax deed from the District based upon the titles acquired in January 1971. Special tax deeds were issued to appellee in September 1973, when the properties were sold to him for the amount of unpaid taxes and interest.

■ Appellant filed an action for declaratory judgment and an accounting, in an effort to set aside the special tax deeds acquired by appellee from the District. The trial court, sitting without a jury, held "as a matter of law that there has been substantial compliance [with the statutory notice provision]". It is undisputed that the notice published in the Washington Post did not comply with § 47–1001, *supra*. For the foregoing reasons, we are unable to agree with the trial court that substantial compliance is sufficient to satisfy the statutory demand.

■ The Supreme Court in *Early v. Doe,* 16 How. 610, 57 U.S. 610, 14 L.Ed. 1079 (1853), affirmed the judgment of the District of Columbia Circuit Court where a tax deed sale was voided as the property was sold after being advertised for only an 82-day period rather than an 84-day duration as required by statute. The Court stated that "[a]n individual cannot be divested of his property against his consent, until every substantial requisite of the law has been complied with." *Id.* at 618. Although the precedent was articulated in the mid-nineteenth century, a requirement of strict compliance appears to be the law today. *See Bullard v. Hardisty,* 217 Md. 489, 143 A.2d 493, 496 (1958); *Rivard v. Ross,* 99 N.H. 299, 109 A.2d 857 (1954); *Dierks v. Walsh,* 203 Okl. 113, 218 P.2d 920, 925 (1950); *Grace Building Co. v. Lanigan,* 15 Pa.Cmwlth. 643, 328 A.2d 919 (1974); *In re Tax Claim Bureau of Chester County,* 208 Pa.Super. 384, 222 A. 2d 602, 604 (1966). Notice that does not comply with the statute is fatal and the court will void the sale. *See Bradford v. Schmucker,* 135 F.2d 991, 995 (10th Cir. 1943); *Jones v. Walker,* 47 Cal.App.2d 566, 118 P.2d 299, 302 (1941); *Alper v. LaFrancis,* 155 So.2d 405, 407 (Fla.App. 1963); *Terwilleger v. Bridges,* 192 Okl. 642, 138 P.2d 79, 81 (1943). The controlling statute in *Dierks v. Walsh, supra,* employed the term "shall" as does D.C.Code 1973, § 47–1001. *Dierks* held that "[t]he use of the word 'shall' is generally held to

2. *Tayloe v. Kjaer,* 84 U.S.App.D.C. 183, 171 F.2d 343 (1948), held such notice to be adequate when construing § 47–1001 and the District of Columbia Appropriation Act, 49 Stat. 346 (1935). Similar appropriation measures regulated ,the instant sale. *See* District of Columbia Appropriation Act of 1961, Pub.L.No.86–412, 74 Stat. 17; District of Columbia Appropriation Act of 1971, Pub. L.No.91–337, 84 Stat. 432.

make an accompanying requirement mandatory." *Id.*, 218 P.2d at 925. Predicated upon such authority, we hold the statutory notice to be mandatory and not to be declared nonessential under the guise of substantial compliance. In this connection it is to be noted that the purchaser at this type of sale acts at his peril, for deficiencies in notice publication are readily discoverable by him before he acts to purchase.

Appellee contends that the recent case of *Dodson v. Scheve*, D.C.App., 339 A.2d 39 (1975), is dispositive of this issue. *Dodson*, however, is distinguishable on the facts as "appellants conceded that the District had complied with the above statutory notice requirements." *Id.* at 40 (footnote omitted). In the instant case the parties readily acknowledged that there was not complete statutory compliance.

Appellee cites *Tayloe v. Kjaer*, 84 U.S. App.D.C. 183, 171 F.2d 343 (1948), for the proposition that this court is free to judicially alter statutory notice requirements. In *Tayloe*, the court construed a conflicting appropriations act in *pari materia* with the delinquent tax list statutory notice provisions relating to publication in two newspapers.[3] In the instant case, there is no conflict between the permanent legislation and an appropriations act. Therefore, the case provides no basis for affirming the trial court's judgment which in effect modifies statutory notice requirements. *See* note 2, *supra.*

■ Finally, we are unpersuaded with appellee's argument that appellant received actual notice although there was not strict compliance with the statutory notice. The fallacy of appellee's argument is amplified by the holding of *Dougery v. Bettencourt*, 214 Cal. 455, 6 P.2d 499 (1931):

Proceedings on tax sales are in invitum and a failure strictly to comply with the statutory provisions prescribed as essen-

tial to effect a sale of the property renders the sale invalid. . . . Once it is determined that a particular step is necessary, the courts are not permitted to speculate as to whether a failure to observe or perform that step does or does not result in injury. . . . A failure to comply strictly with the provisions of a statute in reference to notice of tax sales, renders the sale void, even if the owner has actual knowledge and attempts to waive the defect. This is so because the tax officer gains his right to sell, not from the owner, but from the statute, and the statute is the measure of his power. . . . In addition to the above principles, it must also be kept in mind that it is the policy of the state to give the delinquent taxpayer every reasonable opportunity, compatible with the rights of the state, to redeem his property. . . . [*Id.* 6 P.2d at 502 (citations omitted).]

In voiding the sale to appellee, we note that appellant is subject to the provisions of D.C.Code 1973, § 47–1007.

[I]f any conveyance . . . of property sold for taxes, shall . . . be set aside by decree of any court as invalid, the party in whose favor the decree is rendered shall pay to the party holding such conveyance . . . the amount paid for such taxes and conveyances, together with interest at the rate of six per centum per annum.

■ We hold that substantial compliance respecting notice publication is not enough to produce a valid sale. The notice provisions of the statute are subject to strict compliance in order to guard against the deprivation of property without due process of law. *See Wheatcroft v. Schmid*, 8 Pa.Cmwlth. 1, 301 A.2d 377, 378 (1973); *In re Tax Claim Bureau of Chester County, supra*, 222 A.2d at 604. Accordingly, the trial court's judgment is reversed and the case remanded with direc-

---

3. *See* note 1, *supra.*

tions to enter judgment for appellant upon a showing of ability to comply with D.C. Code 1973, § 47–1007.

*So ordered.*