## SHENANDOAH CORPORATION, Appellant,

v.

## Ben PRINGLE et al., Appellees.

### No. 11690.

District of Columbia Court of Appeals.

Argued May 25, 1977.

Decided April 18, 1978.

Howard B. Silberberg, Washington, D. C., with whom Nathan L. Silberberg, Washington, D. C., was on the brief, for appellant.

Leonard C. Collins, Washington, D. C., for appellees Pringle and Green.

Kevin W. Carmody, Washington, D. C., filed a brief on behalf of appellees Carmody and Morgan.

Before NEWMAN, Chief Judge, and KELLY and HARRIS, Associate Judges.

KELLY, Associate Judge:

This appeal stems from the trial court's granting of appellees' motion for summary judgment because of appellant's failure to comply with the statutory notice provisions for a tax deed sale. See D.C. Code 1973, § 47–1001.[1] The effect of the court's action was to set aside a tax deed issued to appellant. Appellant contends on appeal that the contents of the tax sale notice complied in substance with the statutory requirements. We disagree and therefore affirm.

The facts in this case are undisputed. The property at issue has been owned by

---

1. D.C. Code 1973, § 47–1001 was amended on October 26, 1973, so that the notice requirements are no longer specified in the section but are embodied in regulations promulgated by the Council of the District of Columbia. Pub.L. No. 93–140, § 25(a), 87 Stat. 508 (1973). On April 26, 1974, the District of Columbia City Council adopted Regulation No. 74–6, "Regulation Relating to the Advertising of the Annual Notice of Sale and Delinquent Real Property Tax List." See 20 D.C. Register 1089–90 (1974). The tax deed sale in this case took place prior to the amendment, so the pre-amendment version of D.C. Code 1973, § 47–1001 applies here. The relevant portion of that version states:

> The assessor of the District of Columbia shall prepare a list of all taxes on real property in said District subject to taxation on which said taxes are levied and in arrears on the first day of Juiy of each year hereafter; and the commissioners of said District [of Columbia Council] shall fix date of sale. The notice of sale and the delinquent tax list shall be advertised once a week for two weeks in the regular issue of one morning and one evening newspaper published in the District of Columbia; and notice shall be given, by advertising twice a week for two successive weeks in the regular issue of two daily newspapers published in the District of Columbia, that such delinquent tax list has been published in two daily newspapers, giving the name of each and the dates and the issues containing said list, and such notice shall be published in the two weeks immediately following the week in which the delinquent tax list shall have been published  . . . .

appellees Pringle and Green since 1970, but in 1972 was sold by the District of Columbia to appellant at a public sale to satisfy delinquent real estate taxes.[2] After appellees failed to redeem the property within the allowable two-year time period, appellant initiated the instant case by filing a complaint to quiet title and eject appellees from the subject realty.[3]

Just before the public sale, a list of delinquent tax properties and a notice of public sale were published once a week in the Washington Evening Star on September 16 and 23, 1972.[4]

As further required by D.C. Code 1973, § 47–1001, a notice of the publication of the delinquent tax list was advertised in the Washington Post and the Washington Evening Star on September 19 and 20, 1972, and again on September 26 and 27, 1972. The notice published on September 19, 20, 26 and 27, 1972, provided:

> Notice is hereby given that the list of delinquent taxes on real property in the District of Columbia . . . *has been* published in all regular issues of the Evening Star newspaper on September 16 and 23, 1972. [Emphasis added.][5]

The fact that the above notice, when published on September 19 and 20 stated that the delinquent tax list *"has been* published . . . on September . . . 23, 1972"* was the basis upon which the trial court concluded that the notification provisions had not been complied with.

Appellant contends that there was substantial compliance and assigns as error the trial court's granting of summary judgment. Since in the instant case there is no issue as to any material fact, our question becomes whether appellees were entitled as a matter of law to the grant of summary judgment. *Bullard v. Curry-Cloonan*, D.C. App., 367 A.2d 127, 130 (1976). *See also Yates v. District Credit Clothing, Inc.*, D.C. App. 241 A.2d 596, 598 (1968).

■ Notification provisions in statutes similar to D.C. Code 1973, § 47–1001, have long been construed to constitutionally require strict compliance. This was clearly enunciated by the Supreme Court almost 160 years ago in *Williams v. Peyton's Lessee*, 17 U.S. (4 Wheat.) 77, 4 L.Ed. 518 (1819), and was well settled as long ago as 1853. *See Early v. Doe*, 57 U.S. (16 How.) 610, 14 L.Ed. 1079 (1853). Moreover, this court recently held that strict compliance requirements must be applied to D.C. Code 1973, § 47–1001. *Potomac Building Corp. v. Karkenny*, D.C.App., 364 A.2d 809 (1976), *cert. denied*, 431 U.S. 921, 97 S.Ct. 2192, 53 L.Ed.2d 234 (1977):

> [W]e hold the statutory notice to be mandatory and not to be declared nonessential under the guise of substantial compliance. . . .
>
> *      *      *      *      *      *
>
> [S]ubstantial compliance respecting notice publication is not enough to produce a valid sale. The notice provisions of the statute are subject to strict compliance in order to guard against the deprivation of property without due process of law. . . . [*Id.* at 812; (citations omitted).]

■ In the instant case, the notice which appeared on September 19 and 20, 1972, announced that the delinquent tax list *had been* published on September 23, 1972.[6] In order to be consistent with the mandated requirement of strict compliance, we are constrained to conclude that notice of a

2. *See* D.C. Code 1973, § 47–1002.

3. The trustees under a deed of trust on the property were also named as defendants and are appellees here.

4. *Tayloe v. Kjaer*, 84 U.S.App.D.C. 183, 171 F.2d 343 (1948), held such notice to be adequate when construing § 47–1001 and the District of Columbia Appropriation Act, 49 Stat. 346 (1935).

5. *E. g.,* Washington Evening Star, Sept. 19, 1972, at B–7, col. 4.

6. Although D.C. Code 1973, § 47–1001 is not a model of legislative drafting, we are certain that the intent of Congress was to ensure due notice to a property owner who stands to be divested of that property. We are also certain that Congress never intended that the publication here in question would satisfy the notice requirement of the statute.

publication which has not yet taken place is not sufficient notice under the statute and is therefore fatally defective.[7]

*Affirmed.*

---

7. Appellant's alternative argument that the language contained in the September 19 and 20 notice is surplusage is not persuasive.