A. Frederick Boehm, Jr. et al. *v*. Willis Barnes, trading and doing business as Barnes Real Estate Company. Scottdale Bank & Trust Company, formerly Scottdale Savings & Trust Company, Appellant.

A. Frederick Boehm, Jr. et al. *v*. Willis Barnes, trading and doing business as Barnes Real Estate Company. A. Frederick Boehm, Jr. and Raymond H. Sheperd, Appellants.

Argued October 5, 1981, before President Judge Crumlish, Jr. and Judges Rogers and Craig, sitting as a panel of three.

*William M. Radcliffe,* with him *Charles O. Zebley, Jr., Coldren & Coldren* and *Robert L. Webster, Jr., Webster, Hallal & Webster,* for appellant, Scottdale Bank & Trust Company.

*A. J. Kuzdenyi,* for appellees, A. Frederick Boehm, Jr. and Raymond H. Sheperd.

*John J. Brennan,* with him *Gordon W. Gerber, Dechert, Price & Rhoads,* for Amicus Curiae, Pennsylvania Bankers Association.

OPINION BY JUDGE CRAIG, December 7, 1981:

A. Frederick Boehm, Jr. and Raymond H. Sheperd appeal an order of the Court of Common Pleas of Fayette County which dismissed their action to quiet title to partnership property sold by the Fayette County Tax Claim Bureau to Willis Barnes and Barnes Real Estate. Scottdale Bank and Trust Company, mortgagee of record and plaintiff-intervenor below, also appeals.

The deed and mortgage to the property, and presumably the tax records, had listed the owners as "A. Frederick Boehm, Jr. and Raymond H. Shepherd, partners, with principal place of business located at 1511 Carson Street, Connellsville, Fayette County, Pennsylvania."

On June 4, 1974, the bureau had sent a single notice of filing and entry of claim, under Section 308 of The Real Estate Tax Sale Law,[1] addressed jointly to A. Frederick Boehm and Raymond H. Sheperd at the business address stated. The subsequent notices of sale required under Section 602 were properly given by the bureau to the appellants.

The bureau sold the property to Barnes on October 8, 1975 for $943.94, representing 1973, 1974 and 1975 delinquent county, school and township taxes. The court dismissed the appellants' action protesting the

---

[1] Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.308.

sale, holding that all notice requirements had been satisfied, and that the bureau's failure to notify the mortgagee of the sale did not violate its due process guarantees.

We must decide whether the notice and resulting sale is invalid on the ground that the bureau failed to give proper notice "to each delinquent taxable"[2] where property was held in the name of two individuals as partners, and a single notice of claim was sent to both, as partners, at their stated business address. The pivotal determination is thus whether each partner known to the bureau should have been separately regarded as a delinquent taxable for Section 308 notice purposes.[3]

Although the court below upheld the sale on the basis that the "partnership entity" was the legal owner of the real estate, Section 342(a) of the Uniform Partnership Act[4] states that "[a] partner is co-owner with his partners of specific partnership property, holding as tenants in partnership."

Clearly, because the law thus regards each partnership as an owner, the partnership cannot be considered the entity owning the property, even though there is no doubt that the property may be held in the partner-

---

[2] Section 308 states, in part:

The bureau shall give notice of the return of said taxes and the entry of such claim to each delinquent taxable by United States registered mail or United States certified mail, return receipt requested, postage prepaid, addressed to the owner personally at his last known post office address. . . .

[3] Our inquiry is unaffected by Boehm and Sheperd's apparent dissolution of the partnership on January 14, 1974, before the bureau sent the first notice of claim. The appellants neither recorded the dissolution, published any notice, nor advised the bureau. Section 1 of the Act of December 19, 1975, P.L. 524, 59 P.S. §357(a)(2)(ii). Thus, absent knowledge or notice of the dissolution, the bureau's Section 308 responsibility continued to rest on the apparent existence of the partnership.

[4] Act of December 19, 1975, P.L. 524, 59 P.S. §342(a).

ship name alone. *See* Section 313(c) of the Act, 59 P.S. §313(c).

The Supreme Court, in *Teslovitch v. Johnson,* 486 Pa. 622, 406 A.2d 1374 ((1979), held that the notice of sale provision in Section 602 of The Real Estate Sale Law "requires separate and individual notice to each named owner of the property, regardless of whether the owner holds in common, in joint or by the entireties."

Even though *Teslovitch* was prospective in application to tenancies by the entireties, and cannot apply to this case,[5] we believe that the same reasoning is unavoidable here, similarly requiring that separate notice be given to each partner whose name appears as an owner on the tax records.

In concluding that the statutory requirement of notice "to each delinquent taxable" necessitates bureau recognition of the individual owners, we note that the bureau is under no obligation to notify "silent" partners or those partners whose names do not appear on tax records. *See Brown v. Barnes Real Estate,* 44 Pa. Commonwealth Ct. 439, 404 A.2d 437 (1979); *Grace Building Co. v. Clouser,* 5 Pa. Commonwealth Ct. 110, 289 A.2d 525 (1972).

Consequently, we must set aside the tax sale because of the bureau's failure to strictly comply with a notice provision of The Real Estate Tax Sale Law. *Grace Building Co. v. Lanigan,* 15 Pa. Commonwealth Ct. 643, 328 A.2d 919 (1974). Although our decision here is determinative of this case, for the same reasons as those outlined in *Teslovitch,* it must be regarded as otherwise prospective in relation to properties held in the names of partners. 486 Pa. 628, 406 A.2d 1378.

---

[5] *Teslovitch* was restricted to notices sent thirty days after the date of the opinion, or November 23, 1979. The notice here was sent on June 3, 1974.

Our disposition of the case obviates the need to discuss the appellants' due process and equal protection arguments.

### ORDER

Now, December 7, 1981, the order of the Court of Common Pleas of Fayette County, No. 460 of 1978, G.D., dated October 1, 1980, is reversed, and the tax sale of the property at issue is set aside.