# Rinier v. Tax Claim Bureau of Delaware County

*Michael P. Dignazio,* for plaintiffs.
*James E. DelBello,* for Tax Claim Bureau.
*Alfred 0. Breinig,* for intervenor.

BRADLEY, *J.,* March 14, 1991—T.L. Simpson Co. Inc., the bidder at the tax sale and intervenor, appealed the decision of this count setting aside the tax sale at the instance of petitioner, Helen P. Rinier.

The court found the following credible facts:

Helen F. Rinier was the co-owner of the relevant property. She divorced her husband in 1973 and has resided elsewhere for the past eight years. During the period August through September 1987, she was in the State of Florida. She testified that at no time did she receive notice of either the tax claim or tax sale.

A deputy sheriff testified that he visited the premises on at least two occasions and found neither of the record owners. He left the notice on the last visit but was unable to recall where the notice was left.

An employee of the Tax Claim Bureau testified that a mail notice was sent in petitioners' joint names and the return receipt was signed by petitioner, Gordon Rinier only, on January 10, 1986.

Petitioner argues that the facts of this case suggest defective notice under both sections 308 and 602(e)(3) of the Real Estate Tax Sale Act, 72 P.S. §§5860.101 through 5860.803.

Section 308 of the act provides for the method of informing delinquent property owners of the need to file an entry of claim for delinquent taxes. Each taxpayer in jointly owned real estate should be sent a separate notice. *Boehm v. Barnes,* 63 Pa. Commw. 87, 437 A.2d 784 (1981). In that case, the Tax Claim Bureau sent a single section 308 notice to joint

partners. Although subsequent notices were properly given, the Commonwealth Court held the sale invalid because of the failure to notify each delinquent taxpayer. See also, *Teslovich v. Johnson*, 486 Pa. 622, 406 A.2d 1374 (1979). The court felt that *Boehm, supra,* dictates the decision made in this case.

The testimony of the deputy sheriff suggests that after a couple of unsuccessful efforts to serve the notice, he left the notice at the premises. Section 5860.602(e)(3) requires proper posting as a prelude to a proper tax sale. Failure to do so renders the sale invalid. *Chester County Tax Claim Bureau v. Griffith*, 113 Pa. Commw. 105, 536 A.2d 503 (1988); *Trussell Appeal*, 102 Pa. Commw. 32, 517 A.2d 221 (1986). This court felt that the agency's burden of proof that proper posting had occurred was not caused and, therefore, had not complied with the act.

For the foregoing reasons, this court set the tax sale aside.