PER CURIAM:
 

 Appellants were heirs at law of decedent Russell J. Moore, who died intestate in 1965. None of the heris was a resident of this jurisdiction. They filed an action in the trial court to cancel a .tax deed issued by the District of Columbia on April 4, 1972 which conveyed Lot 47, Square 240 and improvements, known at 1330 R Street, N.W.
 

 The essence of appellants’ several contentions is that the tax deed should be can-celled because the then owners of the property (the non-resident heirs of decedent Moore) were not notified of the taxes levied, the non-payment of the taxes, the tax sale, the foreclosure of their right to redeem nor the application by the tax sale purchasers for the deed.
 
 [1]
 

 The appellees, on the other hand, take the principal position that the District of Columbia complied with the statutory re
 
 *749
 
 quirements on notice
 
 [2]
 
 and with the provisions governing the manner in which real property is to he assessed,
 
 [3]
 
 as interpreted in Turner v. Deming, 81 U.S.App.D.C. 113, 155 F.2d 181 (1946), cert. denied, 329 U.S. 727, 67 S.Ct. 80, 91 L.Ed. 629 (1946). More specifically, the government shows that notices were sent at his last known address to the decedent Mr. Moore, as the record owner, of taxes due for fiscal year 1969 and, later, of an impending tax sale; and that the statutory requirements were met concerning newspaper publication of the property on the delinquent tax list and the date and location of the impending tax sale.
 

 What it comes to is the appellants’ complaint that though they became owners through inheritance several years previously
 
 [4]
 
 the property was sold at a tax sale without their receiving actual notice that they were to be divested of the property. Appellees on the other hand say the statutory provisions were followed
 
 [5]
 
 and, this being so appellants are not entitled to a cancellation of the tax deeds.
 

 Appellants’ names did not appear as record owners in the Office of the Recorder of Deeds, nor did their names appear as the owners in the Office of the Tax Assessor. This is where the difficulty lies. The decedent apparently appeared as the owner in the records of both offices. Appellants argue, however, that with some investigation the Tax Assessor could have discovered prior to the tax sale that appellants were the actual property owners by operation of law, being heirs of the intestate decedent who was the prior owner.
 

 While we think the statutory scheme may warrant re-examination with a view toward remedial legislation in this troublesome area in order to avoid, where possible, “tax sales” of property without actual notice to the property owner, we are unable to say in these particular circumstances that appellants were denied their statutory rights nor denied property without due process of law. Turner v. Deming,
 
 supra.
 

 [6]
 

 As required by D.C.Code 1973, § 47-1001a, the notice of levy was sent to the “record owner” who, unfortunately, was not the appellant heirs,
 
 [7]
 
 Mullane v. Central Hanover Trust Co., 339 U. S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), relied upon by appellants, is distinguishable as it involved inadequate notice as between private parties where the individuals had no reason to expect that their property interests were being affected.
 
 [8]
 

 
 *750
 
 Although, as we indicate, the statutory scheme relating to tax sales might well be considered for modernization this is not a task for this court. This would be of a scale to be performed only by the legislative body. Botens v. Aronauer, 32 N.Y.2d 243, 344 N.Y.S.2d 892, 298 N.E.2d 73, appeal dismissed, 414 U.S. 1059, 94 S.Ct. 562, 38 L.Ed.2d 464, (1973).
 

 Affirmed.
 

 [1]
 

 . It appears from the estate file, Administration No. 116195, United States District Court for the District of Columbia, that counsel for appellants here also represented the administrator in the probate proceeding and had been in communication with these heirs and knew their addresses. There is no indication whether counsel suggested they take steps to become owners of record so as to receive notice of taxes due. The estate had considerable exposure to damages resulting from an auto accident suit. Eventually, it became necessary for the Administrator to sell real estate to satisfy the judgment entered against him though it did not become necessary to sell the parcel here involved. The record is silent as to any similar tax difficulty encountered by the heirs as to the other real estate owned by the decedent.
 

 [2]
 

 . D.C.Code 1973, §§ 47-1001, 47-1001a and 47-1012.
 

 [3]
 

 . D.C.Code 1973, § 47-701.
 

 [4]
 

 . The property in question had received severe fire damage in 1968.
 

 [5]
 

 . The government says that in one instance it went further and mailed a “courtesy” notice of expiration of the redemption period.
 

 [6]
 

 . While notice to a deceased person is not notice to his heirs, Federico v. Nunez, 173 La. 967, 139 So. 18 (1931); Ducros v. Zor, 148 So.2d 832 (La.App.1963); McGee v. Fleming, 82 Ala. 276, 3 So. 1 (1887), this presupposes that the tax assessor knows, or could reasonably determine that the taxpayer of record is deceased.
 

 [7]
 

 . A subsequent notice of the expiration of the two year redemption period was sent by registered mail to the same address and was returned “moved, left no address.”
 

 [8]
 

 .Our review in this ease prompts the belief that the time has come when a review of the statutes relating to tax sales may well be beneficial. It may be that other agencies of the government could without undue burden transmit information to the Tax Assessor so that this office would maintain records relating to current property ownership. For example, a periodical transmittal of death notices plus a list of property transfers resulting either from wills or intestacy may be found to be feasible. This might assist in avoiding notifying deceased persons at their last address of property taxes due or of tax sales imminent, all of which may result in a failure of actual notice to the current owner. It is most certainly not desirable to foist upon the Tax Assessor the role of investigator. On the other hand, there may well be a method of improving the procedure without undue inconvenience to obtain the desirable end of reaching the actual owner with notices relating to property taxes due. Beyond this, it might be well to re-examine the statutes relating to tax sale of
 
 *750
 
 property (e.
 
 g.,
 
 D.C.Code 1973, §§ 47-701, 47-1001, 47-1001a, 47-1003, 47-1005) “ . . . with the view that owners of property be afforded notice reasonably calculated to better apprise them of the pendency of either a tax sale or of the final date of redemption.” Botens v. Aronauer, 32 N.Y.2d 243, 249-250, 344 N.Y.S.2d 892, 896, 298 N.E.2d 73, 75, appeal dismissed, 414 U.S. 1059, 94 S.Ct. 562, 38 L.Ed.2d 464 (1973). As was there stated, the existing statutes were enacted for a period when land ownership was much more parochial and the populace was far less mobile than now. In addition, the administration of D.O. Code 1973, § 47 — 403 might be reviewed to determine whether the statute is being complied with and, if so, whether the procedures may be improved.
 

 Any such review might be considered desirable by the on-going District of Columbia Law Revision Commission, Pub.L.No.93-379 (Aug. 21, 1974).