Jack ROBINSON et al., Appellants,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 9912.

District of Columbia Court of Appeals.

Submitted June 3, 1976.
Decided April 25, 1977.

---

Margaret A. Beller, Washington, D.C., for appellants.

John R. Risher, Jr., Corp. Counsel, Henry E. Wixon and Melvin J. Washington, Asst. Corp. Counsel, Washington, D.C., were on the brief for appellee District of Columbia.

Before NEBEKER, YEAGLEY and MACK, Associate Judges.

YEAGLEY, Associate Judge.

This is an appeal from a June 18, 1975, trial court judgment determining that the District of Columbia, appellee, was not liable to appellant Robinson for the market value of certain property for which appellant had purchased a tax sale certificate. The relevant facts are these.

A Mrs. Threadgill was the sole owner of a single family residence at 1409 Kearney Street, N.E. Because she failed to pay real estate taxes on her property for fiscal year 1971, a tax certificate for the amount of those unpaid taxes was sold on October 29, 1971 by the District of Columbia to appellant Robinson for $679.16.

In September 1973, the District sent Mrs. Threadgill notice that her statutory right to redeem her property upon payment of $842.36 would expire on October 29, 1973. See D.C.Code 1973, § 47–1003. There is no dispute that Mrs. Threadgill failed to meet this October 29 deadline. Mrs. Threadgill, however, argued, and the trial court found, that the supervisor of the Records and Information Section of the Department of Finance and Revenue of the District government orally granted Mrs. Threadgill an extension of time from October 29 to November 15, 1973, within which to redeem her property.

Relying on this extension of time, Mrs. Threadgill tendered the full redemption amount to the District on November 14, 1973. The District refused to accept the payment asserting that the statutory, two-year redemption period had expired and that no one had authority to extend that statutory redemption period. After her tender was refused by the District, Mrs.

Threadgill tendered the same amount to appellant Robinson in a further attempt to redeem her property. This tender also was refused.

Mrs. Threadgill immediately filed an action in Superior Court to enjoin the District from issuing a tax deed to appellant Robinson and to enjoin Robinson from applying for a tax deed from the District based on his purchased tax certificate. Robinson cross-claimed against the District for the market value of the property asserting that his right to a tax deed to the property "vested indefeasibly" as soon as the statutory redemption period ended. A cause of action based on negligence was not asserted by Robinson in the cross-claim. *See Routh v. Quinn*, 20 Cal.2d 488, 127 P.2d 1 (1942).

On February 10, 1975, the trial court ruled that although Mrs. Threadgill had in fact been granted a two-week extension of the redemption period, the statutory two-year redemption period could not be extended by any act of the executive or judicial branch of the District government. *See generally Industrial Bank of Washington v. Sheve*, 307 F.Supp. 98 (D.D.C. 1969). Judgment was entered in favor of Robinson and the District.

Mrs. Threadgill filed a timely motion for a new trial and pleaded with the trial court to exercise its equitable powers and grant judgment in her favor. The trial court reviewed the motion, vacated its February 10 judgment on April 25 because it "was in error as a matter of law" and entered a judgment in Mrs. Threadgill's favor on May 19, 1975.[1]

Robinson filed a motion to amend the May 19 judgment to include a recovery for him on his cross-claim against the District of the full market value of the property. The motion to amend was denied, from which denial Robinson appealed to this court. Although the trial court failed to rule on the issue raised by appellant's cross-claim, we will treat its denial of appellant's motion to amend the judgment in this respect as a rejection of that claim. The only issue on appeal is whether appellant Robinson can recover the full market value of the property from the District.

We must, however, deal first with an unusual procedural aspect of this case. In his notice of appeal, Robinson stated that he was appealing from trial court judgments dated March 17, 1975, and June 18, 1975. There is no March 17 judgment in this case; on that date a hearing was held on the Threadgill motion for a new trial. The June 18 judgment was the trial court's order denying Robinson's motion to amend

---

1. The trial court specifically ruled:

ORDER AND JUDGMENT

This case is before the court on plaintiff's motion for a new trial. After a review of the findings of fact and the authorities submitted by the parties hereto, the court is of the opinion that the judgment entered herein on February 10, 1975 was in error as a matter of law. Under these circumstances, the court has the authority to vacate the said judgment and enter a new judgment. (See *Coles v. Redskin Realty Co.*, D.C.Mun.App., 184 A.2d 923.)

On the facts as the court found them to be, plaintiff was advised by the supervisor, Records and Information Section, that the time for the redemption of her property from sale for taxes would be extended from October 29, 1973 to November 15, 1973. Pursuant thereto, the plaintiff did tender a sum sufficient for the redemption on November 14, 1973.

Although the court still feels that neither the executive nor the judicial branch of government can change the statute with regard to the time within which property sold for taxes can be redeemed, nevertheless when citizens of the community go to the office of the local government which administers these matters and are told they may have a few days or even several weeks more within which to pay the money to redeem, equitable considerations would seem to require that the citizens should be permitted to redeem within the extended time.

It may be true, as counsel for defendant Robinson points out, that plaintiff made no showing that she could have redeemed on or before October 29, 1973, but this does not mean it would necessarily have been impossible for her to do so.

For these reasons it is by the court this 25th day of April, 1975,

ORDERED that the judgment for the defendants entered herein on February 10, 1975 be and it is hereby vacated, and judgment will be entered for the plaintiff upon submission by counsel for the plaintiff to the court of the suggested terms of the judgment.

Dated: April 25, 1975.

the judgment and involved only Robinson and the District. No judgment involving Mrs. Threadgill was appealed to this court. Accordingly, on June 23, 1976, this court granted Mrs. Threadgill's motion to dismiss this appeal insofar as it pertains to her. Thus, because no effective appeal was taken, we are precluded from deciding any issue involving Mrs. Threadgill. *See Scaramucci v. Dresser Industries, Inc.*, 427 F.2d 1309, 1318 (10th Cir. 1970). *See also Weedon v. Gaden*, 136 U.S.App.D.C. 1, 4–5, 419 F.2d 303, 306–07 (1969); *Bogart v. California*, 409 F.2d 25, 26 (9th Cir.), *cert. denied*, 396 U.S. 913, 90 S.Ct. 229, 24 L.Ed.2d 189 (1969). Our only concern is Robinson's claim against the District.

 At common law, the tax lien or tax certificate purchaser buys under the rule of caveat emptor. Under those common law rules, the purchaser would get nothing unless he got the land itself. *United States v. General Douglas MacArthur Senior Village, Inc.*, 366 F.Supp. 302, 306 (E.D.N.Y.1973), *aff'd*, 508 F.2d 377 (2d Cir. 1974), *citing* 4 Cooley, Taxation § 1553, at 3045 (4th ed. 1924).

Equities of the market place support the conclusions required by legal precedent. Economic risk—with the possibility of substantial gain or loss—is accepted and welcomed by those who bargain for tax liens. On the one hand, there is the possibility of gaining title to a valuable parcel for relatively small sums. But, on the other hand, changing circumstances can harm the lienholder's investment with no remedy against the taxing authorities. [366 F.Supp. at 306.]

**2.** The District mistakenly urges that D.C.Code 1973, § 47–1007 provides appellant Robinson's remedy:

The Commissioner of the District of Columbia shall not convey any property sold for taxes if he shall discover, before the conveyance, that the sale was for any cause invalid and ineffectual to give title to the property sold; but he shall cancel the sale and cause the purchase money, together with interest at the rate of six per centum per annum, and the surplus, if any, to be refunded to the purchaser, his representatives or assigns: *Provided*, That if any conveyance made by the said Commissioner, of property sold for

Thus, in the absence of statutory provisions, the tax certificate purchaser assumes the risks involved and has no remedy against the taxing authorities. *Id. Accord, Board of County Commissioners v. Lavington*, 91 Colo. 252, 14 P.2d 493 (1932); *LaSalle National Bank v. Hoffman*, 1 Ill.App.3d 470, 274 N.E.2d 640, 643, 645 (1971); *Pioneer Gun Club v. Township of Bass River*, 61 N.J.Super. 104, 160 A.2d 183, 184 (1960); *Manor Real Estate & Trust Co. v. City of Linden*, 8 N.J.Super. 114, 73 A.2d 612, 613–14 (1950); *McFarland v. Keenan*, 77 S.D. 39, 84 N.W.2d 884, 887 (1957); 16 E. McQuillin, The Law of Municipal Corporations § 44.172 (3d ed. 1972). *See also Heasley v. State*, 115 N.W.2d 334, 337 (N.D.1962). Rights and liabilities under tax sale proceedings rest entirely upon the statutes involved. *Routh v. Quinn, supra; Nelson v. Naumowicz*, 1 N.J. 300, 63 A.2d 269 (1949). *Cf. Benas v. Maher*, 128 F.2d 247, 252–53 (8th Cir. 1942).

The D.C.Code provides relief for the purchaser of a tax certificate for property which eventually is redeemed by the owners.[2] D.C.Code 1973, § 47–1003, in relevant part provides:

Immediately after the close of the sale, upon payment of the purchase money, the said collector of taxes shall issue to the purchaser a certificate of sale, *and if the property shall not be redeemed by the owner or owners thereof within two years from the last day of sale, by payment to the collector of taxes of said District, for the use of the legal holder of the certificate, the amount for which it*

taxes, shall at any time be set aside by decree of any court as invalid, the party in whose favor the decree is rendered shall pay to the party holding such conveyance, his heirs or assigns, the amount paid for such taxes and conveyances, together with interest at the rate of six per centum per annum.
The trial court ruled that Mrs. Threadgill had *redeemed* her property within the time period extended by the District and a deed never issued. It did *not* rule that the tax sale to Robinson "was for any cause invalid and ineffectual to give title to the property sold." Thus the section does not apply to the instant case.

was sold at such sale, exclusive of surplus, and one percentum thereon for each month or part thereof, a deed shall be given by the Commissioner of the District, or his successors in office, to the purchaser at such tax sale, his heirs or devisees, or to the assignee of such certificates, which deed shall be admitted and held to be prima facie evidence of a good and perfect title in fee simple to any property bought at said sale herein authorized[.] [Emphasis supplied.]

Redemption procedures are governed by § 47–1005:

The owner of any property sold as aforesaid, or any other person having an interest therein at the time of redemption, may redeem the same from such sale at any time within two years after the last day of sale by paying to the collector of taxes, *for the use of the purchaser, his heirs and assigns*, the sum mentioned in the certificate of sale therefor, exclusive of surplus with interest thereon at the rate of twelve per centum per annum after the date of such certificate of sale. [Emphasis supplied.]

If a redemption results in a surplus, that surplus is to be paid to the legal holder of the certificate of tax sale. D.C.Code 1973, § 47–1006.

. ■ The trial court based its judgment in favor of Mrs. Threadgill on "equitable considerations" in view of the unusual facts of this case. We hold that in light of Mrs. Threadgill's redemption of her property pursuant to the judgment of the trial court, the relief available to Robinson was or is repayment of the money he paid for the tax certificate on the property.[3] *See Williams v. Scott*, 251 Miss. 533, 170 So.2d 621, 624 (1965). The judgment appealed from is affirmed, but modified so as to provide that the appropriate amount of the redemption money paid to the District be for the use of appellant Robinson pursuant to § 47–1003 and § 47–1005.

*So ordered.*

---

3. Robinson made no allegation of liability on the part of the City because of negligence.