**Willie R. WATSON, Appellant,**

v.

**Theodore J. SCHEVE et al., Appellees.**

**No. 80–201.**

District of Columbia Court of Appeals.

Argued Oct. 9, 1980.

Decided Dec. 24, 1980.

David N. Prensky, Washington, D. C., with whom Irving L. Chasen, Washington, D. C., was on brief, for appellant.

Kurt Berlin, Washington, D. C., for appellees Scheve.

Frank J. McDougald, Asst. Corp. Counsel, Washington, D. C., with whom Judith W. Rogers, Corp. Counsel, James E. Lemert and Richard L. Aguglia, Asst. Corp. Counsel, Washington, D. C., adopted the brief of appellees Sheve, for appellee District of Columbia.

Before NEBEKER, MACK and FERREN, Associate Judges.

NEBEKER, Associate Judge:

This appeal is an effort by appellant, Willie R. Watson, to retrieve his property that was conveyed by a tax deed under authority of D.C. Code 1973, § 47–1002,[1] to the appellees, Theodore J. and Geraldine E. Scheve. Appellant had received the property on October 8, 1977, by devise from his aunt, Mrs. Emma McMickle. Unfortunately, Mrs. McMickle had neglected to pay the real estate tax on the property for portions of the fiscal year of 1976 in the amount of $103.86. Therefore, the District of Columbia sold the property to appellees at a tax sale on January 21, 1977. Upon Mr. Watson's failure to redeem the property within the two year redemption period afforded by law, D.C. Code 1973, § 47–1005,[2] a tax deed to the property was issued to the appellees on August 3, 1979. This appeal was taken from the trial court's grant of summary judgment for the appellees in a suit by appellant to enjoin the District of Columbia from issuing the tax deed for a period of six months, during which time the appellant might redeem the property.

Appellant contends that the sale of his property by the District of Columbia is invalid and unauthorized because officials failed to comply in two respects with the statutory prerequisites for a tax sale. First, appellant urges that the District of Columbia did not provide him with proper notice of the delinquent taxes or of the pending expiration of the two-year redemption period. Second, appellant urges that the District of Columbia did not afford him the right to a full two-year period to redeem the property. Finding that the Dis-

1. D.C. Code 1973, § 47–1002, empowers the District of Columbia to sell any and all properties upon which real estate taxes remain unpaid.

2. D.C. Code 1973, § 47–1005, provides:

    The owner of any property sold as aforesaid, or any other person having an interest therein at the time of redemption, may redeem the same from such sale at any time within two years after the last day of sale by paying to the collector of taxes, for the use of the purchaser, his heirs and assigns, the sum mentioned in the certificate of sale therefor, exclusive of surplus with interest thereon at the rate of twelve per centum per annum after the date of such certificate of sale.

trict officials complied in all ways with their statutory duties, we affirm.

I

■ After receiving the property at issue by devise under the will of his aunt, appellant neglected to record himself as the owner of record in the office of the Department of Finance and Revenue. Under these circumstances, the Department of Finance and Revenue is authorized to continue tax assessments in the name and address of the deceased because the burden of ascertaining the names and addresses of the heirs or devisees of deceased owners is unreasonable for the District to assume in comparison with the responsibility necessarily assumed by the new owner. D.C. Code 1978 Supp., § 47–643(a) (formerly D.C. Code 1973, § 47–701(a)).[3] *See Moore v. District of Columbia,* D.C.App., 332 A.2d 749, 751 (1975); *Turner v. Deming,* 81 U.S.App.D.C. 113, 115, 155 F.2d 181, 183 (1946). Consequently, the notices of expiring redemption period were mailed in the name of Mrs. McMickle to the address of the property by certified mail on December 8, 1978, and again on two subsequent occasions by regular mail when the initial notice was returned unclaimed. Appellant finally received the third notice, which was sent by first class mail, on January 22, 1979, a Monday and the last day on which he could have redeemed the property.

■ Appellant argues that the District of Columbia Department of Finance and Revenue is obligated by D.C. Code 1973, § 47 403[4] to record any transfers of title made by will and process all subsequent assessments in the name of the new owner. If it had done so, appellant argues that he would have been able speedily to redeem the property. We reject this reading of the statute. From the language of the statute and its legislative history, we conclude that D.C. Code 1973, § 47 403, was intended to require the District merely to improve its method of lot description. The statute simply requires the District to make distinctive designations of lots and parcels of land to correct the confusion in the records caused by the duplication of designation codes among different lots and the outdated usage of metes and bounds for property description. *See* H.R.Rep. 2301, 55th Cong., 3d Sess. (1899). The law is not designed to create rights in those to whom property is transferred by will. The Department of Finance and Revenue was not obliged to record appellant as the proper owner and mail its tax assessments to him. The statute permitting the Department to continue to carry the property in the name of the deceased presumes that a new owner's interest in the property is sufficient to make it reasonably likely he will receive tax and

**3.** D.C. Code 1978 Supp., § 47–643(a) provides:
   All real property, except as hereinafter provided, shall be assessed in the name of the owner, or trustee or trustees of the owner thereof. All undivided real property of a deceased person may be assessed in the name of such deceased person until such undivided real property is divided according to law, or has otherwise passed into the possession of some other person; and all real property, the ownership of which is unknown, shall be assessed as owner unknown.

**4.** D.C.Code 1973, § 47–403 provides:
   The Commissioner of the District of Columbia [now the Mayor] shall cause to be made a daily transcript, and entry on the records of said assessor, of the designations of lots or parcels of land in said District appearing in instruments of conveyance received for record in the office of the recorder of deeds, and the designations of lots or parcels of land in said District transferred by probated wills; and the person or persons whom the Commissioner [Mayor] of said District may designate for the purpose of making such transcript shall for this purpose at all times during office hours have full access to the records of the recorder of deeds and the register of wills of said District; and the assessor shall daily furnish the surveyor with a copy of such transcript.
The United States Court of Appeals for the District of Columbia has suggested, in dictum, that this statute as a matter of course would require identification of the real owner following probate of a will. *W.C. & A.N. Miller Development Co. v. Emig Properties Corp.,* 77 U.S.App.D.C. 205, 209 n.7, 134 F.2d 36, 40 n.7, *cert. denied,* 318 U.S. 788, 63 S.Ct. 983, 87 L.Ed. 1155 (1943). The language of the statute does not require this and, furthermore, the text of the opinion in *Emig* indicates that assessment in the name of the record owner is not required. *Id.* at 209, 134 F.2d at 40.

redemption notices sent in the name and address of the deceased owner.

## II

◼ The appellant also argues that the tax deed must be set aside because the District stated on the redemption notice that January 21, 1979, was the last day to redeem the property when, in law, the property could be redeemed on the 22nd because the 21st fell on a Sunday. Appellant correctly asserts that the power to convey property for nonpayment of real estate taxes can be validly and constitutionally exercised only by strict compliance with the relevant statutes. *See Shenandoah Corp. v. Pringle*, D.C.App., 385 A.2d 748, 749 (1978); *Potomac Building Corp. v. Karkenny*, D.C. App., 364 A.2d 809, 812 (1976), *cert. denied*, 431 U.S. 921, 97 S.Ct. 2192, 53 L.Ed.2d 234 (1977). However, appellant is mistaken when he asserts that failure to designate the 22nd as the final day denied him the two-year statutory period for redemption contained in D.C. Code 1973, § 47-1005, and violates the applicable regulations of the Department.

◼ The District of Columbia complied with its statutory duties in every way. By regulation, the Department of Finance and Revenue is required to notify the record owner, not less than thirty days prior to the expiration of the redemption period, of the final date by which he must redeem the property. 21 D.C.Reg. 1655 (January 20, 1975). By statute, the owner is permitted to redeem the property "at any time within the two years after the last day of sale." D.C. Code 1973, § 47–1005. The last day of the sale was January 21, 1977; therefore, the notice was correct under the statute and afforded appellant "every reasonable opportunity, compatible with the rights of the state, to redeem his property." *Potomac Building, supra* at 812, *quoting Dougery v. Bettencourt*, 214 Cal. 455, 6 P.2d 499 (1931).

◼ Appellant would like us to conclude that the common law rule of reason and convenience, which permits on a Monday the exercise of rights which expire on a Sunday, should be incorporated automatically in the District's statutory duties and regulations, thus requiring the Department of Finance and Revenue to be wary of the calendar and any holidays when issuing redemption notices. We reject this proposal as antithetical to the rationale of the common law rule of convenience and as preemptive of the rule itself. This rule is "embedded in the habits and customs of the community, both from respect for religious consideration and by long-established legal and commercial tradition." *Sherwood Brothers v. District of Columbia*, 72 U.S. App.D.C. 155, 156, 113 F.2d 162, 163 (1940). Tradition and reason, thankfully, still prevail today and we need not require the government to assume the responsibility of reminding its citizenry of what is reasonable. Furthermore, the rule is intended not only for fairness to individuals but also for the convenience of government. As the trial judge reasoned, the appellant is charged with knowledge of the laws, *Ashton v. Ashton*, D.C.Mun.App., 117 A.2d 459, 462 (1955); *Doing v. District of Columbia*, D.C.Mun.App., 67 A.2d 396, 398 (1949), particularly those which spring from our shared understandings of fairness and efficiency.

The property could have been redeemed on Monday, the 22nd. Appellant received the notice on the final day and chose to do nothing. As we find that the District of Columbia complied with its statutory duties, appellant cannot be heard to complain.[5] He received an extra day and failed to take advantage of it. Accordingly, the decision of the trial court is

*Affirmed.*

---

5. We express no judgment regarding the reasonableness of the law in this entire area of tax sales. However, we note that this court has earlier suggested that the time has come for a review of the statutes. *See Moore, supra* at 751–52 n.8.