**Milton Lee BODDIE, et al., Appellants,**

v.

**Jack ROBINSON, et al., Appellees.**

**No. 79–1247.**

District of Columbia Court of Appeals.

Submitted March 25, 1981.

Decided April 29, 1981.

*alis*, D.C.App., 277 A.2d 650, 651 (1971); (also cited in *District of Columbia v. Franklin Investment Co.*, D.C.App., 404 A.2d 536, 537 n.2 (1979)).

Melvin M. Burton, Jr., Washington, D. C., for appellants.

Margaret A. Beller, Washington, D. C., with whom Carolyn R. Just, Washington, D. C., was on the brief, for appellees Robinson.

Charles L. Reischel, Deputy Corp. Counsel, Washington, D. C., with whom Judith W. Rogers, Corp. Counsel, and James E. Lemert, Richard L. Aguglia, and Richard G. Amato, Asst. Corp. Counsels, Washington, D. C., were on the motion for appellee District of Columbia, adopting the brief of appellees Robinson.

Before KELLY and FERREN, Associate Judges, and PAIR, Associate Judge, Retired.

FERREN, Associate Judge:

This case presents one controlling question: whether a tax deed can be valid—despite a misaddressed notice of expiring redemption period to the record owner—when the post office, using standard address correcting procedures, attempts to deliver that notice to the proper address. We hold that in order to convey property for nonpayment of real estate taxes, the Department of Finance and Revenue must have mailed the notice of expiring redemption period to the record owner's last known address in a manner that is accurate in all material respects. Post office procedures cannot cure materially defective notice. Because in this case the Department addressed the notice to the wrong quadrant ("S.W." instead of "N.W."), we reverse the judgment in favor of the tax purchasers.

## I.

Before September 20, 1966, Thelma Smith Ruskin and her sister, Vera S. Hart, jointly owned Lot 55, Square 3311 in the District of Columbia, known by the street address of 4219 4th Street, N.W. The Recorder of Deeds listed the property in both names. On September 30, 1966, Hart conveyed her interest in the property to Ruskin. District real estate tax assessment records thereafter reflected the record owner of the property as "Thelma Ruskin, 4219–4th Street, N.W."

Ruskin died testate on December 31, 1973. Some of Ruskin's relatives, as well as other unrelated persons who had been living with Ruskin before her death, continued to occupy the property.

Although someone paid the real estate taxes for 1974, no one paid for the years 1975–78. The Department of Finance and Revenue sent bills for those years by computer mailing to "Vera S Hart & T Ruskin, 4219 4th St NW, Washington DC." On January 23, 1976, at a tax sale, appellee District of Columbia sold the property to appellees Robinson for payment of delinquent 1975 taxes.

On June 2, 1976, Ruskin's will was admitted to probate; appellants Milton Lee Boddie and Fred Wade were named coexecutors. The executors did not notify the office of the tax assessor that the record owner of this property had died and did not ask the post office to forward Ruskin's mail to them.

On December 6, 1977, the Department sent a notice of expiring redemption period by registered mail, return receipt requested, with the typewritten address: "Vera S. Hart & T. Ruskin, 4219 4th Street, S.W., Washington, D. C. 20011." After attempting to deliver the letter to the correct N.W. address, the post office returned the letter to the Department as "Unclaimed." On January 23, 1978, the statutory redemption period expired. Unaware that the probate court had jurisdiction over the property, appellees Robinson requested issuance of a tax deed and paid the sum due.

Meanwhile, on June 24, 1978, unaware of the tax sale, the executors filed a petition to ratify the sale of the property to satisfy debts and legacies of the estate. On August 22, the probate court ordered the sale of the property "free of all liens." The

executors, however, could not complete the settlement scheduled for September 6, 1978, because they discovered that the District had sold the property for taxes to appellees Robinson.

On April 6, 1979, the executors sued to set aside the tax certificate. The trial court granted a preliminary injunction but, after a bench trial, rendered judgment for appellees. Appellants timely noted their appeal. See D.C. Code 1973, § 11–721(a)(1); D.C. App.R. 4 II(a)(1).

## II.

The owner of real property sold by the District for delinquent taxes may redeem the property "at any time within two years after the ... sale ...." D.C.Code 1973, § 47–1005.[1] In furtherance of this right, the District of Columbia Council in 1975 adopted a regulation[2] making mandatory the prior administrative custom of notifying property owners of the upcoming expiration of this redemption period:

1.  D.C.Code 1973, § 47–1005 provides:
    The owner of any property sold as aforesaid, or any other person having an interest therein at the time of redemption, may redeem the same from such sale at any time within two years after the last day of sale by paying to the collector of taxes, for the use of the purchaser, his heirs and assigns, the sum mentioned in the certificate of sale therefor, exclusive of surplus with interest thereon at the rate of twelve per centum per annum after the date of such certificate of sale.

2.  D.C.Code 1978 Supp., § 47–641(c), enacted September 3, 1974, provides:
    The Council may adopt regulations concerning the assessment and reassessment of real property and matters relating thereto which shall be consistent with the provisions of this chapter and other applicable provisions of law.

3.  Previous cases reflecting the earlier administrative practice include *Coleman v. Scheve,* D.C.App., 367 A.2d 135, 137 & n.1 (1976); *Dodson v. Scheve,* D.C.App., 339 A.2d 39, 40 (1975) (per curiam), *cert. denied,* 424 U.S. 909, 96 S.Ct. 1103, 47 L.Ed.2d 312 (1976); and *Moore v. Government of the District of Columbia,* D.C.App., 332 A.2d 749, 751 n.5 (1975) (per curiam).

4.  The requirement that the Department "notif[y]" the record owner of the expiring redemption period, Reg. No. 74–35, *supra* § 126,

Not less than thirty (30) days prior to the expiration date of the two year redemption period, the record owner shall be notified, by certified or registered mail, of the final date by which he must redeem his property.

Reg. No. 74–35, § 126, 21 D.C. Reg. 1643, 1655 (Jan. 20, 1975); *see Watson v. Scheve,* D.C.App., 424 A.2d 1089, 1092 (1980).[3] The regulation also specifies that notice by mail is effective upon mailing:

Unless otherwise specified, any notice, bill or statement required by these regulations or other applicable provision of law to be served upon the property owner shall be deemed to be served when mailed by first class mail to the last known address of the property owner as recorded in the real estate assessment records of the District.

Reg. No. 74–35, *supra* § 112(c), at 1651.[4]

"[I]n order to guard against the deprivation of property without due process of law," *Potomac Building Corp. v. Karkenny,*

does not mandate actual notice either as a matter of due process or as a matter of construction of the regulation.

Due process demands "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *accord, Coleman, supra* at 138–39; *Dodson, supra* at 40; *see Moore, supra* at 751. Notice to the record owner, even if deceased, satisfies this requirement. *Watson, supra* at 1091–92; *Moore, supra* at 751. The Department has no statutory or constitutional duty to update its records from probate records. *Watson, supra* at 1091 & n.4; *see Moore, supra* at 751; *Turner v. Deming,* 81 U.S.App.D.C. 113, 114–15, 155 F.2d 181, 182–83, *cert. denied,* 329 U.S. 727, 67 S.Ct. 80, 91 L.Ed. 629 (1946). *But cf.* Reg. No. 74–35, *supra* § 113, at 1651 (specified agencies must transmit certain information to Department of Finance and Revenue).

Notice by mail generally satisfies due process demands. *Coleman, supra* at 137 n.1; *see Mullane, supra* 339 U.S. at 318–20, 70 S.Ct. at 659–660. The Department need not ensure delivery of its notices. *See Coleman, supra* at 137 n.1; *Dodson, supra* at 40.

We do not read Reg. No. 74–35, *supra* § 126, as requiring the Department to provide actual notice of the expiring redemption period. We construe the regulation as providing that the

D.C.App., 364 A.2d 809, 812 (1976) (per curiam), *cert. denied*, 431 U.S. 921, 97 S.Ct. 2192, 53 L.Ed.2d 234 (1977), this court has held that the District may effect a valid conveyance of property for nonpayment of real estate taxes only by "strict compliance" with the tax sale statute and regulations. *Watson, supra* at 1092; *Shenandoah Corp. v. Pringle*, D.C.App., 385 A.2d 748, 749 (1978); *Potomac Building Corp., supra* at 812.[5] We have employed this standard both for notice by publication, *see Shenandoah Corp., supra* at 749–50; *Potomac Building Corp., supra* at 811,[6] and for notice by mail. *See Watson, supra* at 1092.[7] We turn to its application here.

### III.

■ In this case the parties stipulated that "[t]he 'S.W.' in the notice [of expiring redemption period] was a typographical error by the Office of Assessment Services in the Department of Finance and Revenue and S.W. should have been N.W." The Department therefore did not mail the notice "to the last known address of the property owner as recorded in the real estate assessment records of the District," as required by Reg. No. 74–35, *supra* §§ 112(c), 126.

Appellants contend that the Department did not comply strictly with the legal requirements and that the tax sale is therefore void. Appellees maintain, and the trial court agreed, that this acknowledged error should not vitiate the sale because post office procedures corrected the District's mistake.[8]

In accordance with the testimony of a postal service employee, the trial court

---

5. We have explained the reason for requiring strict adherence to the law:

> Proceedings on tax sales are in invitum and a failure strictly to comply with the statutory provisions prescribed as essential to effect a sale of the property renders the sale invalid. . . . Once it is determined that a particular step is necessary, the courts are not permitted to speculate as to whether a failure to observe or perform that step does or does not result in injury. . . . A failure to comply strictly with the provisions of a statute in reference to notice of tax sales, renders the sale void, even if the owner has actual knowledge and attempts to waive the defect. This is so because the tax officer gains his right to sell, not from the owner, but from the statute, *and the statute is the measure of his power.* . . . In addition to the above principles, it must also be kept in mind that it is the policy of the state to give the delinquent

Department must mail the notice in accordance with § 112(c), with the additional requirement of mailing by certified or registered mail as specified by § 126.

In light of our disposition of this case, we do not reach appellants' contention that the word "notif[y]" in § 126 indicates that the Department must take additional steps to reach a property owner when the post office returns a notice of expiring redemption period as unclaimed. At least on occasion, the Department has done so. *See Watson, supra* at 1091.

The parties stipulated that Ruskin never filed an affidavit of domicile and ownership pursuant to D.C.Code 1973, § 47–905, which would have afforded greater protections. *See id.* § 47–901 to –904. *See generally Coleman, supra* at 139 n.4; *Dodson, supra* at 40 n.1.

> taxpayer every reasonable opportunity, compatible with the rights of the state, to redeem his property. . . . [*Potomac Building Corp., supra* at 812 (quoting *Dougery v. Bettencourt*, 214 Cal. 455, 461–62, 6 P.2d 499, 502 (1931) (per curiam) (citations omitted)).]

6. *Cf. Early v. Doe*, 57 U.S. (16 How.) 610, 617, 14 L.Ed. 1079 (1853) (tax sale notice published for 82 days was not in "substantial compliance" with statutory requirement of publication for 84 days); *Tayloe v. Kjaer*, 84 U.S.App. D.C. 183, 184, 171 F.2d 343, 344 (1948) (notice conformed to tax sale statute requiring publication once a week for two weeks in morning and evening newspapers, as modified by appropriations act providing funds for advertising only in morning or evening newspaper).

7. In other notice by mail cases, the parties have agreed that the District complied with statutory requirements. *See Coleman, supra* at 137; *Dodson, supra* at 40.

8. Appellees do not assert that appellants had actual notice of the expiring redemption period.

Although lack of actual notice to the property owner does not defeat a tax sale conducted according to notice procedures that comport with due process, *see Coleman, supra* at 137 n.1; *Dodson, supra* at 40; *Moore, supra* at 751; *cf. Nelson v. City of New York*, 352 U.S. 103, 107–09, 77 S.Ct. 195, 197–198, 1 L.Ed.2d 171 (1956) (same; foreclosure for nonpayment of water charges), we have indicated in the context of notice by publication that actual notice does not substitute for strict compliance with statutory notice requirements. *See Potomac Building Corp., supra* at 812.

found that the street address typed on the notice of expiring redemption period, "4219 4th Street, S.W.," does not exist. The address on the notice, however, did include the correct zip code, "20011." According to post office procedures, if, as here, a specified zip code and quadrant do not coincide, mail clerks determine whether the street address exists in the specified quadrant; if not, as here, the clerks route the letter for delivery by zip code.

The trial court further found that post office records showed the Department had mailed the notice of expiring redemption period by registered mail, return receipt requested; that a mail carrier had attempted to deliver the letter to the correct address, 4219 4th Street, N.W., on December 8, 1977, and had returned the letter to the post office marked "N[o] R[esponse,] N[otice] L[eft]"; that the carrier had left a final notice of attempt to deliver the letter at the N.W. address on December 13, 1977; and that the post office then had returned the letter to the Department marked "unclaimed." The trial court concluded that because the error in addressing had not affected delivery, the test of "strict compliance" was met.

█ Although the trial court's findings of fact are not "plainly wrong or without evidence to support [them]," D.C.Code 1973, § 17–305(a), we disagree with the court's conclusion of law that the Department strictly complied with its duty to mail the notice of expiring redemption period to the record owner's "last known address." Reg. No. 74–35, *supra* §§ 112(c), 126. At least as applied to notice by mail, the Department's duty of strict compliance does not require such literal exactitude that this court must carry mailing regulations to their illogical extreme and invalidate tax sales for any and every error in addressing. We interpret that standard, however, as demanding accuracy of address in all material respects.

In the District of Columbia the quadrant designation is a principal component of an address, for the same street address may exist in more than one quadrant. An error in specifying the quadrant creates a substantial risk of non- or misdelivery, notwithstanding post office procedures that could result in correction of such mistakes. We cannot consider a notice bearing an inaccuracy of this nature to be in strict compliance with the regulation. *Cf. Rivard v. Ross*, 99 N.H. 299, 303, 109 A.2d 857, 860–61 (1954) (mailing of tax bill to property owner without post office address invalidates tax sale; to comply with statute, taxing authorities must give notice "in a manner that will make it reasonably probable that the taxpayer will receive them"). *See generally* Annot., 155 A.L.R. 1279 (1945).

The post office is fallible, and its delivery procedures are subject to change. If, as we have stated, the District is not "charged with the Postal Service's failure to deliver [tax notices]," *Coleman, supra* at 137 n.1,[9] the District may not, on the other hand, depend on the post office to correct its errors in addressing the mail. In an area with as harsh a penalty for noncompliance as real estate tax assessment, we decline to let the government rely on the post office—or not—at its choice and to its advantage.

We hold that the Department of Finance and Revenue is responsible for ensuring that the notice of expiring redemption period leaves its office addressed to the record owner's "last known address," Reg.No.74–35, *supra* §§ 112(c), 126, in a manner accurate in all material respects. Because the Department made a material error in the quadrant designation on this notice of expiring redemption period, the Department failed to comply strictly with the legal requirement. Accordingly, we reverse the judgment in favor of the appellees and remand with directions to enter judgment for appellants upon a showing of ability to comply with D.C.Code 1973, § 47–1007.[10] *Ac-*

---

**9.** *But cf. Potomac Building Corp., supra* at 811 (tax sale invalid when District requested and paid for publication of notice in accordance with statute, but newspaper published notice in erroneous manner).

**10.** D.C.Code 1973, § 47–1007 provides:

cord, *Potomac Building Corp.*, supra at 812–13; *see Robinson v. District of Columbia*, D.C.App., 372 A.2d 1005, 1008–09 & n.2 (1977).

*Reversed and remanded.*

The [Mayor] of the District of Columbia shall not convey any property sold for taxes if he shall discover, before the conveyance, that the sale was for any cause invalid and ineffectual to give title to the property sold; but he shall cancel the sale and cause the purchase money, together with interest at the rate of six per centum per annum, and the surplus, if any, to be refunded to the purchaser, his representatives or assigns; *Provided,*

That if any conveyance made by the said [Mayor], of property sold for taxes, shall at any time be set aside by decree of any court as invalid, the party in whose favor the decree is rendered shall pay to the party holding such conveyance, his heirs or assigns, the amount paid for such taxes and conveyances, together with interest at the rate of six per centum per annum.