Robert BEMBERY, Appellant,

v.

DISTRICT OF COLUMBIA,
et al., Appellees.

No. 02–CV–1175.

District of Columbia Court of Appeals.

Argued Feb. 4, 2004.
Decided June 10, 2004.

---

Bernard A. Gray, Sr., Washington, for appellant.

Bradford S. Bernstein, Rockville, MD, for appellees Claude E. Bailey, Jr. and Denise Gibson–Bailey.

Robert J. Spagnoletti, Corporation Counsel, Edward E. Schwab, Acting Deputy Corporation Counsel, and Mary T. Connelly, Assistant Corporation Counsel, filed a statement in lieu of brief for appellee District of Columbia.

Before STEADMAN and RUIZ, Associate Judges, and BELSON, Senior Judge.

BELSON, Senior Judge:

Appellant Robert Bembery, as trustee of JayTee Realty Trust, was the high bidder

at the tax auction sale of certain real property located in the District of Columbia, and accordingly received from the District, rather than a deed to the property, a tax lien certificate that set forth the name of the record owner and the amount of the lien. Subsequently, the District permitted appellees Charles E. Bailey and Denise Gibson–Bailey ("the Baileys"), who had purchased the realty in question from the co-conservator of the record owner at the time of the tax auction sale, to redeem the property by paying the delinquent taxes. Bembery sued the District and the Baileys, seeking not monetary damages, but orders compelling the District to issue him a tax deed for the property and declaring void the deed that transferred title from the previous owners to the Baileys. Bembery now appeals the trial court's orders granting summary judgment against him in favor of the District and the Baileys. He argues that we should reconsider our holding in *Stuart v. District of Columbia,* 694 A.2d 49, 51 (D.C.1997), that a tax certificate holder cannot successfully sue the District for specific performance on the ground that the District had permitted an untimely redemption. As to the Baileys, he argues that a disputed issue of material fact regarding allegedly destroyed documents precluded summary judgment in their favor. We affirm.

## I.

The property at issue is located at 1815 Beach Drive, N.W. Due to delinquent real estate taxes owed by previous owner Marianna Beck Sewell for 1997 in the amount of $3,476.68, the District sold the property to appellant in an auction in July 1998.

Bembery received a tax lien certificate, pursuant to D.C.Code § 47–1304 (1997 Repl.).[1] In February 1999, Bembery requested a tax deed for the property on the ground that the redemption period had expired in January 1999, six months after the tax sale, pursuant to D.C.Code §§ 47–1304,–1306 (1997 Repl.). A co-trustee of JayTee Realty Trust, Marie Dias, stated in an affidavit that she was informed by employees of the "Department of Tax and Revenue" that the notice of expiration letter had been mailed to the wrong address in December 1998, and was later told that another such letter was mailed on March 24, 1999. The District's records do not reflect either of those notices of expiration.

On April 15, 1999, the Baileys acquired the property by deed from the co-conservator for the estate of Sewell. The deed was recorded on April 16, 1999. On behalf of the Baileys, their title company paid the District upon closing partial taxes in the amount of $1431.54 for the 1998 and 1999 tax years, but failed to pay the overdue 1997 taxes. The Baileys represent that they did not know that taxes were owed for 1997.

On May 13, 1999, the District's Office of Tax and Revenue sent a letter to "Wilbur W & WB Sewell," former record owners of the property, notifying them that if they did not pay the delinquent 1997 taxes on or before June 14, 1999, "a tax deed may be issued to the successful bidder." This letter regarding redemption was not sent to the Baileys, who at the time were shown by the records of the Recorder of Deeds to be the actual record holders of title to the property.

1. Because the events at issue occurred in 1998 and 1999, we cite to the 1996 and 1997 replacement volumes of the D.C.Code and the 1998 Municipal Regulations. The Code and the Regulations have been since updated. *See* D.C.Code §§ 47–1330, –1385 (2003 Supp.); 9 DCMR § 316.1–.12 (2003). Under the amended statute, after the six-month redemption period ends, the tax sale purchaser may file a complaint to foreclose the right of redemption. D.C.Code § 47–1370 (2003 Supp.). This new statutory framework may lead to more expeditious resolutions of questions concerning tax sales.

On September 10, 1999, the District's Office of Tax and Revenue sent a letter to the Baileys,[2] stating that "according to our records, you are listed as the owner" of the property in question, and informing them of their right to redeem the property. The letter extended the deadline for redemption to October 11, 1999. That office sent a similar letter to the Sewells on that date. On September 13, 1999, the District cancelled the tax sale and sent a cancellation notice to Bembery. On October 7, 1999, the outstanding 1997 taxes were paid in full on behalf of the estate of Sewell. The District issued a refund check to Bembery, which he has refused to negotiate. Bembery filed a complaint in Superior Court to compel the District to issue a tax deed to him and void Sewell's estate's transfer of the property to the Baileys.

The District moved for summary judgment, arguing that Bembery has no right to specific performance and was entitled only to a refund plus interest. The trial court agreed and granted summary judgment in favor of the District. The Baileys also moved for summary judgment, arguing that they effected a proper redemption within their notice period. The trial court initially denied the Baileys' motion for summary judgment, but ultimately granted summary judgment in favor of them as well, rejecting Bembery's argument that there was a genuine issue of material fact as to whether relevant letters of notice to the record owner had been destroyed.

## II.

We review an order granting summary judgment *de novo. Lee v. Jones,* 632 A.2d 113, 115 (D.C.1993). Summary judgment will be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *District of Columbia v. Cato Inst.,* 829 A.2d 237, 245 (D.C.2003). The movant has the burden of showing the absence of dispute as to any material fact. *Abdullah v. Roach,* 668 A.2d 801, 804 (D.C.1995); *Holland v. Hannan,* 456 A.2d 807, 815 (D.C. 1983). After the movant makes this showing, the burden of defeating the motion shifts to the non-moving party to show there is a genuine issue of material fact. *See* Super. Ct. Civ. R. 56(e); *Ferguson v. District of Columbia,* 629 A.2d 15, 16 (D.C. 1993). The non-moving party must establish the existence of a dispute of material fact with more than a scintilla of evidence, and must adduce evidence from which the jury could reasonably find in its favor. *Brown v. Consolidated Rail Corp.,* 717 A.2d 309, 311 (D.C.1998).

 The District is required by statute to sell at auction any property upon which taxes are delinquent. D.C.Code § 47–1303(a) (1997 Repl.). After a tax sale, the purchaser receives a tax lien certificate evidencing the sale, and if the property is not redeemed by the owner within six months, then the Mayor is to issue the purchaser a deed. D.C.Code §§ 47–1304, –1306 (1997 Repl.). The District must give the "record owner" notice by registered or certified mail at least thirty days before the expiration of the redemption period. *See* 9 DCMR § 317.3 (1998) (repealed 2001). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Malone v. Robinson,* 614 A.2d 33, 37 (D.C.1992) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). If the Mayor discovers that the sale was invalid and ineffectual to give title to the property sold, he shall cancel the sale and issue a refund to the tax sale purchaser. D.C.Code § 47–1308 (1997 Repl.).

---

**2.** The letter was addressed to "Claude E. Bailey c/o Denise G. Bailey."

█ The "law requires strict compliance with the statutes and regulations governing tax sales of real property." *Gore v. Newsome*, 614 A.2d 40, 42 (D.C.1992). The applicable statute required that "[a]ll parties with an interest in a particular real property . . . shall notify the Recorder of Deeds in writing in the event of a name change or address change." D.C.Code § 45–801.4(a) (1997 Supp.). A new transferee of real property must provide his full name and address when recording the deed. *Id.*

### A. Summary Judgment in Favor of the District

█ A tax sale purchaser has no remedy against the District other than the statutorily prescribed refund with interest, even if the District has negligently allowed redemption after the statutory redemption period has run. *McCulloch v. District of Columbia*, 685 A.2d 399, 403–04 (D.C. 1996). The tax purchaser assumes the risks involved and has no remedy against the taxing authority. *Robinson v. District of Columbia*, 372 A.2d 1005, 1008 (D.C. 1977). A tax sale purchaser may not sue the District for specific performance. *Stuart v. District of Columbia*, 694 A.2d 49, 51 (D.C.1997). The District, for its part, may effect a valid conveyance of property for nonpayment of real estate taxes only by strict compliance with the statutes and regulations that govern tax sales. *Boddie v. Robinson*, 430 A.2d 519, 522 (D.C.1981). "If the District fails to comply in every respect with the statute and regulations, the sale is invalid and must be set aside." *Associated Estates, LLC v. Caldwell*, 779 A.2d 939, 943 (D.C. 2001) (citing *Keatts v. Robinson*, 544 A.2d 716, 719 (D.C.1988)). *See also Malone, su-*

*pra,* 614 A.2d at 38 (when mail notice of expiring redemption period informed record owner that he could lose interest in property for nonpayment of taxes is returned as unclaimed, District is required to undertake reasonable efforts to notify record owner); *Boddie, supra,* 430 A.2d at 523 (where District failed to provide notice of expiring redemption period to record owners in accordance with regulations, tax sale is invalid).

█ Bembery can marshal no argument that can overcome the formidable authority that limits his recovery against the District. He contends that the District must issue him a tax deed because he was the successful bidder at the tax sale, the owner did not effect redemption within six months after the tax sale, and a thirty day notice was (or should have been) sent to the record owner. As we have explained, specific performance is not a remedy available to Bembery here; his sole remedy against the District is a refund plus interest. *See McCulloch, supra,* 685 A.2d at 403–04. Even if we were inclined to do so, we could not act on Bembery's suggestion that we reconsider our holding in *Stuart* that specific performance is not available to tax lien certificate holders in such cases. *See M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971). Therefore, we affirm the trial court's grant of summary judgment in favor of the District.

### B. Summary Judgment in Favor of the Baileys

█ Similarly, we affirm the trial court's ruling that the Baileys were entitled to summary judgment. We agree with the trial court that there was no genuine issue of material fact relevant to Bembery's claim for relief against the Baileys.[3] Bembery contends that the District

---

**3.** Bembery sought only to void the transfer of the property to the Baileys; he did not pursue common law or equitable remedies. We note

the alternative approaches alluded to in *Associated Estates, supra,* 779 A.2d at 945–46, in which the court left open the opportunity,

destroyed records which may have shown earlier notice to the record owner. Citing D.C.Code § 2–1706 (2001),[4] Bembery argues that the District must not destroy records it creates or receives in the course of business. Bembery submitted an affidavit by a co-trustee of JayTee Realty Trust, in which she stated that she was told by employees of the "Department of Tax and Revenue" that letters giving notice of the expiration of the redemption period went out in December 1998 (reportedly to the wrong address) and again in March 1999. This affidavit was unsigned when initially filed; it was later resubmitted signed. The trial judge noted that its filing was untimely and ruled that it was, in any event, hearsay.

Bembery points out that Ms. Sheila Jones of the Office of Tax and Revenue, stated at her deposition that "[o]nce a refund is completed, all we keep is the refund voucher.... [W]e no longer need [documents in the file] once the refund has been approved and given to the buyer." This statement notwithstanding, Ms. Connice Hogue, a tax sale manager for the Office of Tax and Revenue, subsequently produced at her deposition a substantial file of documents including the May 13, 1999, notice letter, which was the earliest

redemption letter in the file. While this demonstrates that there is some confusion regarding record-keeping procedures, it does not lend credence to the proposition that relevant documents were destroyed. Rather, the fact that the refund has not been fully completed because Bembery has not negotiated his refund check and thereby accepted the refund may well account for Ms. Hogue's production of a substantial file of documents relating to this tax sale in a way that is consistent with the practice described by Ms. Jones of destroying the file other than the refund voucher when the refund has been *given* (as she put it) to the buyer. In any event, it is clear that such purging of the file did not take place in this case. Because Bembery has not offered sufficient evidence to create a genuine issue as to whether relevant records were destroyed, the trial court properly rejected his claim that a genuine issue of material fact is in dispute. Accordingly, the earliest letter in the record is the May letter that should have been, but was not, directed to the owners of record, the Baileys.[5]

Bembery contends that the District's error in failing to send the notice of

---

although limited, for the plaintiff to recover under some circumstances under common law or equitable principles, for such things as expenses for improvements to the property.

4. Previously codified as D.C.Code § 1–2906 (1981).

5. While the statutes and regulations do not appear to define "record owner," we accept its ordinary meaning: the holder of the title, at the time of notice, as set forth in the public records. *See, e.g., Hunt v. State,* 110 Tex. 204, 217 S.W. 1034, 1035 (1920) (construing "record owner" in statute to mean "owner of the title to the land, at the time of the notice, as disclosed by the public records of the county, which the law required to be kept"). It is

clear than an owner whose title deed was duly recorded with the Recorder of Deeds was a "record owner." The term "record owner" may also include owners listed in other records maintained by the District. *See, e.g.,* D.C.Code § 47–1313 (1997 Repl.), referring to notice to be given in some circumstances to person "appearing on the records of the Assessor as the owner of such property." We note that 9 DCMR § 311.4 (1998), not cited by either brief, provides that the "property owner" is to be deemed served if notice is sent to the owner's last known address "as recorded in the real estate assessment records of the District." Assuming that this provision applies here, Bembery has failed to show that any such notice was sent prior to September 1999.

expiration letter to the Baileys, despite the fact that their deed was duly recorded on April 16, 1999, does not affect his right to the property. Rather, he argues, the District's notice to the Sewells on May 13, 1999, served as sufficient notice to the Baileys. In effect, Bembery would have the District, and this court, deem the former owner the agent of the new owner for receipt of notice. Bembery furnishes no support for this theory.

It is the District's obligation to send the record owner a notice of expiration. Therefore, the District must consult its records of ownership prior to sending out a notice of expiration letter. The District's notice letter on May 13, 1999, to the Sewells was not notice to the Baileys. The District is required to provide notice that complies strictly with the requirements of applicable statutes and regulations, *Boddie, supra,* 430 A.2d at 522, and that comports with the due process requirement that it be reasonably calculated to apprise interested parties of the imminent prospect of their loss of valuable property rights. In the matter before us, we conclude that this means notice to the current actual record holders of title to the property, even if that should be persons who obtained their interest after the tax sale. The Baileys bought the property from the Sewells on April 15, 1999, and recorded the deed the next day. The May redemption letter was not sent to and did not reach the Baileys, who were the record owners as of the date it was sent. The first letter to reach the Baileys and give them the prescribed statutory notice was the September 1999 letter. The Baileys made timely payment of the taxes due and satisfactorily redeemed the property prior to the extended expiration date. The Baileys properly effected redemption. Therefore,

the order granting summary judgment in their favor is affirmed.

*So ordered.*