Patricia A. LANGON, Appellant,

v.

Kevin M. REILLY, Appellee.

No. 01–CV–230.

District of Columbia Court of Appeals.

Submitted April 11, 2002.
Decided June 20, 2002.

Bernard A. Gray, Sr., Washington, DC, was on the brief, for appellant.

Kevin M. Reilly, pro se.

Before SCHWELB and RUIZ, Associate Judges, and KING, Senior Judge.

KING, Senior Judge:

Patricia A. Langon, the owner of a tax deed, sought to quiet title to real property located at 5100 Brooks Street, Northeast, in the District of Columbia. Following a non-jury trial, the trial court ruled that "the deed issued to [Langon] is insufficient to quiet title in her favor . . . ." This appeal followed.

Langon contends that (1) the evidence was insufficient to support a finding that the District of Columbia Department of Tax and Revenue did not give proper notice that the property would be sold for delinquent taxes, and (2) the trial court erred in entertaining the merits of the case because it lacked authority to do so pursuant to D.C.Code § 47–1303.04(f)(4) (2000). We affirm.

## I.

Patricia Langon testified that, in approximately October 1998, she purchased the tax certificate for 5100 Brooks Street, N.E., Washington, D.C., for $9,573.95 from a private company which had earlier obtained the property at a tax sale conducted by the District of Columbia. On July 26, 1999, she received a tax deed for the certificate and recorded it the same day. The deed, titled "Property Acquired Thru Tax Sale," states that the property was sold by the Mayor of the District of Columbia on July 27, 1998, to TBC Tax 1, Inc. for $7,247.61, "that being the highest sum bid for said described property, and said amount being sufficient to meet the taxes, penalties, interest and costs due thereon [for fiscal year 1997]." The deed also stated that the certificate of sale and all TBC Tax 1, Inc.'s right, title, and interest had been assigned to Patricia Langon. Before receiving the tax deed, Patricia Langon paid additional taxes and costs in the amount of $3,758.09 and subsequent to receiving the deed she paid $685.74.

Fatme Reilly testified for the defense that on August 13, 1997, she went to the District of Columbia Office of Tax and Revenue, with her employer, appellee Kevin Michael Reilly, who presented his Letters of Conservatorship for Eva Langon, one of the owners of the property, who was the designated recipient for all tax correspondence. At that time, Kevin Reilly paid outstanding property taxes in the amount of $2,257.05 and provided a change of mailing address form. Fatme Reilly also testified that one of her duties for Mr. Reilly was opening the mail, and that she never received mail from the Office of Tax and Revenue regarding the tax sale of the property located at 5100 Brooks Street. Sheila Jones, an account technician for the Office of Tax and Revenue, described the procedures for filling out a change of address form. Three additional witnesses, Willetta Langon, Willexton Langon, and Dina Langon–Tyler, co-owners of the property, all testified that they did not receive notice from the Office of Tax and Revenue regarding delinquent taxes on the property. The trial court concluded that although Patricia Langon had received a tax deed to the property from the District of Columbia, "the District of Columbia's Office of Tax and Revenue had failed to supply Eva Langon, who was then represented by Kevin Michael Reilly, as her conservator, with notice of th[e] tax sale."

## II.

### A.

In general, tax delinquent real property is offered for sale at a public auction conducted in July of each year. D.C.Code §§ 47–1301, –1303 (2000). If the property is sold, the purchaser receives a certificate of sale and the owner of the real property has the right to redeem the property within the time frame specified by statute.

D.C.Code §§ 47–1304, –1306 (2000). If the property is not redeemed, "a deed shall be given by the Mayor" upon application of the holder of the tax certificate. D.C.Code § 47–1304 (2000).

■ It is well settled, however, that the owner is entitled to written notice as a constitutional precondition to safeguard her interest in the adversely affected property. *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). For example, D.C.Code § 47–1302 (2000) provides that, prior to a tax sale, the District must send the record owner of real property notice of delinquent taxes. Moreover, the owner is also entitled to redeem the property at any time within six months following the sale and by regulation the District must give property owners notice at least thirty days prior to the expiration date of the redemption period. D.C.Code §§ 47–1304, – 1306(a) (2000);[1] *Malone v. Robinson,* 614 A.2d 33, 36 (D.C.1992) (citing 9 DCMR § 317.3 (1982)). The District of Columbia can effectuate "a valid conveyance of property for nonpayment of real estate taxes only by 'strict compliance' with the tax sale statute and regulations." *Boddie v. Robinson,* 430 A.2d 519, 522 (D.C.1981) (citations omitted). "If the District fails to comply in every respect with the statute and regulations, the sale is invalid and must be set aside." *Keatts v. Robinson,* 544 A.2d 716, 719 (D.C.1988) (citation omitted). Here the trial court found that Langon failed to show that the District notified the taxpayer of the impending sale of the property. Langon contends that the evidence was insufficient to support that finding. We disagree.

■ The trial court determined that on August 13, 1997, Mr. Reilly had presented his Letters of Conservatorship to the Office of Tax and Revenue, paid the then outstanding property taxes, and "taken all measures necessary to direct further written notice and correspondence from the Office of Tax and Revenue to his office as conservator." Furthermore, the trial court found that the Office of Tax and Revenue failed to notify Mr. Reilly of the tax sale. "The trial court's factual findings are binding upon this court unless they are clearly erroneous; if the findings are acceptable, we will not disturb the court's judgment unless it is plainly wrong or without evidence to support it." *Square 345 Assocs. Ltd. Partnership v. District of Columbia,* 721 A.2d 963, 965 (D.C.1998) (quoting *Wolf v. District of Columbia,* 597 A.2d 1303, 1307 (D.C.1991)); *see also* D.C.Code § 17–305(a) (1997) ("When the case was tried without a jury, the court may review both as to the facts and the law, but the judgment may not be set aside except for errors of law unless it appears that the judgment is plainly wrong or without evidence to support it."). We are satisfied that there is ample evidentiary support for the trial court's finding. Therefore, we reject Langon's claim on that ground.

**B.**

■ We also reject Langon's contention that the trial court did not have the authority to entertain the merits of the case in light of D.C.Code § 47–1303.04(f)(4) (2000), which provides:

Upon the expiration of the 90 day period from the date of recordation of the deed, the validity of the deed, any other agreements relating thereto, and all proceedings in connection therewith

---

1. In 1996, the redemption period changed from two years to six months. D.C.Code § 47–1306 (2000); D.C. Law 11–52. We note that the tax deed issued here, while governed by the six month redemption period, states that "more than *two* years have elapsed since said sale, and the said property has not been redeemed . . . ." (Emphasis added.)

shall be conclusively presumed to have been legally taken and no court shall have the authority to inquire into such matters.

Langon argues that because this action was brought more than ninety days after she recorded the deed received from the Mayor, the Superior Court lacked authority to decline to honor it. We conclude that D.C.Code § 47–1303.04(f)(4) does not apply in the circumstances of this case, for the reason stated below.

The provision relied upon applies only to deeds issued pursuant to Section 1303.04,[2] not deeds issued pursuant to section 1304, the authorizing statute for the deed received by Patricia Langon. Although paragraph (4) of sub-section (f) does not expressly impose that limitation upon its application, it must be read in conjunction with the preceding paragraphs, specifically paragraphs (2) and (3). Those paragraphs together provide:

(2) Suits to contest the validity of the *deed issued pursuant to this section* may not be instituted and are forever barred if not filed within 90 days of recordation of the deed in the Office of the Recorder of Deeds.

(3) Both the public notice pursuant to § 47–1301 and the notice of the expiration of the redemption period shall include a statement that suits to contest the validity of the deed must be filed within 90 days of recordation of *such deed* in the Office of the Recorder of Deeds.

(4) Upon the expiration of the 90–day period from the date of recordation of *the deed,* the validity of *the deed,* any other agreements relating thereto, and all proceedings in connection therewith shall be conclusively presumed to have been legally taken and no court shall have the authority to inquire into such matters.

D.C.Code § 47–1303.04(f) (emphasis added). Reading these provisions together, the restriction on a court's authority imposed by paragraph (4) applies only to *deeds issued pursuant to this section, i.e.,* Section 1303.04. The only provision for the issuance of deeds in *this section* can be found in the immediately preceding sub-section which states:

The transferee of a tax lien and any assignee or successor in interest of such transferee shall have and possess the same rights, powers, lien status, and priority of payment at law or in equity as the District would have possessed if the lien had not been assigned or sold and transferred. The transferee or assignee shall have the same rights to enforce all such tax liens as the District, including the *issuance of a deed in fee simple absolute by the Superior Court* of the District of Columbia.[3]

**2.** Although we need not address the point further, Patricia Langon might be barred from owning the tax certificate for this property if it was obtained pursuant to Section 1303.04 because of D.C.Code § 47–1303.04(i)(1), which reads in pertinent part, "[t]he assignee, purchaser or transferee of a tax lien may assign or sell and transfer the liens to any person, except to the delinquent owner of the property subject to the lien, or *a person related to the owner."* (Emphasis added.) Patricia Langon is the daughter of Eva Langon and sister of Willetta Langon, Willexton Langon, and Dina Langon–Tyler, the co-owners of the property at issue.

**3.** Under D.C.Code § 47–1312 (2000), the District as a holder of "bid off" property may obtain a deed from the Superior Court if six months have passed since the "bid off" and the property has not been redeemed. Section 1303.04(e), which is quoted in the text above, permits the purchaser of a tax certificate of "bid off" property to stand in the shoes of the District and obtain a deed from the Superior Court by the same procedure. " 'Bid off property' means real property that has been bid off in the name of the District at public auction to enforce the District's lien for unpaid taxes or assessments pursuant to § 47–1303 and for which the statutory redemption

D.C.Code § 47–1303.04(e) (emphasis added). As we have said, Langon's deed was granted to her by the Mayor under D.C.Code § 47–1304. Because the Superior Court did not grant the deed pursuant to Section 1303.04, Section 1303.04(f)(4) does not apply. Therefore, Langon's contentions based on that provision must also fail.

*Affirmed.*

period has expired." D.C.Code § 47–1303.01    (2000).